WEEMS, trustee, *vs.* COKER.

1. Upon the trial of an issue formed on the foreclosure of a mortgage, it was necessary to show that the debt due by the defendant to the plaintiff was still outstanding and unsatisfied. Therefore, where an issue was formed upon the foreclosure of a mortgage given to secure a negotiable note, upon the trial it was necessary to introduce the note, or satisfactorily account for its absence; and where neither was done, a non-suit should have been granted, on motion therefor.

2. A chancellor may grant power to a trustee at chambers to mortgage the trust estate, on a proper proceeding for that purpose. The power to allow a sale includes the power to allow a mortgage.

(a.) The case of *Iverson et al. vs. Saulsbury, Respess & Co.,* 68 *Ga.,* 790, reviewed; the majority decision reversed, and the dissenting opinion of Jackson, C. J., approved.

3. The evidence in regard to the beneficiary alleged to be *non compos mentis* is too meagre to warrant a decision as to her rights. No separate defence was made as to her.

(a.) As a new trial will be had, the pleadings can be so amended as to protect her rights, and admit proof on all the questions essential to that end.

October 2, 1883.

Mortgage. Trusts. Sales. Equity. Before Judge RONEY. Lee Superior Court. March Term, 1883.

Reported in the decision.

B B. HINTON, for plaintiff in error.

HAWKINS & HAWKINS, for defendant.

HALL, Justice.

This was a proceeding to foreclose a mortgage. In response to the rule *nisi*, calling on the defendant to show cause why he should not pay into court the money due on the mortgage, or, in default thereof, why the equity of redemption in and to the premises should not be barred and foreclosed, he replied that the mortgage was made by a trustee, in pursuance of an order granted at chambers by the judge of the superior court; that such judge had no authority to make the order at chambers, and that the mortgage thus executed was void and of no effect; and upon the issue formed, the case was submitted to a jury. The plaintiff introduced his mortgage to the jury, and closed his case. The defendant thereupon moved a non-suit, because the note the mortgage was given to secure was not forthcoming, and its absence had not been accounted for. This motion was refused, and the defendant excepted.

1. We must presume that, when the rule *nisi* was granted, the court had before it evidence that the debt for which the mortgage was given, was still outstanding and unsatisfied. At the trial of this issue, that was the important fact to be shown. The debt was the principal and the mortgage the incident; the non-existence of the former, or its extinction, was the destruction of the latter. If the mortgage was material to determine the issue submitted, surely the note upon which it was founded, and without which it had neither force nor vitality, was material. It

v 70–48

Weems, trustee, vs. Coker.

was demanded by the motion made; oyer was, in effect, craved; and it should have been produced, or its absence accounted for. The proceedings in the case show that the note was negotiable, and the plaintiff's failure to produce it, or to give any account of it when called upon to do so, would warrant the conclusion that he had ceased to control it. If it was in the hands of an innocent *bona fide* holder, the defendant would not have been protected in a suit brought upon it, by such a transferee, and could not have successfully defended himself against such a suit. It is apparent, from what transpired on the trial, that this note was not present, and that the foreclosure of the mortgage was granted in its absence. In the face of the facts disclosed by this record, it would be going too far to presume that this proceeding was regular, and that the court had before it this paper when the judgment of foreclosure was entered. To permit a judgment to go, in the absence of proof of the indebtedness on which the mortgage is founded, would be to sanction an unauthorized and, as it seems to us, a dangerous practice. When attention was called to the fact that the note had not been introduced, and the motion in question was made, if the note had been present, or if it had been in the custody, or under the control of the plaintiff, and absent for any cause, or if it had been lost or destroyed, an announcement of either of these facts would have satisfied the defendant's objection and have let in other proof of its existence, or have furnished ground for such a disposition of the case as would have protected the rights of the parties. To entertain the idea that counsel were experimenting to see if this foreclosure could not be had upon inadequate testimony, by withho'ding any portion of it under their control, wou'd be a reflection upon their fairness and intelligence, which we are unwilling to indulge, and which it would not be proper to make. The statute (Code, §3964), expressly provides that the respondent to a rule for foreclosure " may set up and avail himself of any defence which he might lawfully set up in an

Weems, trustee, vs. Coker.

ordinary suit, instituted on the debt or demand secured by such mortgage, and which goes to show that the applicant is not entitled to the foreclosure sought, or that the amount claimed is not due."

Could there be a more conclusive defence to the foreclosure than that the party prosecuting it was not the holder of the debt or demand secured by the mortgage, which he failed to produce when called on, and offered nothing to show that he controlled it, or to explain why it was not forthcoming at the trial? Surely, it will not be contended that judgment could be rendered in an ordinary suit upon this demand, without the production of some evidence of its existence, and the right of the plaintiff to control it.

On this exception the judgment of the court below must be reversed.

2. The next question presented for our determination is, whether the judge of the superior court has power, by an order made at chambers, upon a petition regularly presented by all the proper parties, to incumber a trust estate by authorizing the execution of a mortgage upon it? It is conceded that he has jurisdiction to order a sale, but it is said that this power does not include the power to direct a mortgage; and so it was ruled by a majority of this court, in *Iverson et al. vs. Saulsbury, Respess & Co.*, 68 *Ga.*, 790. The Chief Justice, however, delivered a dissenting opinion in that case, to which he adheres, and in which the other members of the court concur. It is the unanimous judgment of this court that the dissenting opinion contains the law of the question; that the power to order a sale includes the power to order a mortgage; and that the judgment of the court in that case be, and the same is, hereby overruled. Those who were cotemporaneous with the passage of the act of 1853–4, placed upon it the construction now given, and for nearly thirty years previous to the decision above referred to, the courts of the state, as far as we have been able to ascertain,

acted upon that construction, and passed just such orders as that now in question. It is settled, and so laid down in all the elementary treatises, that, where power is given to raise money to pay debts, or remove incumbrances by a sale, the power is well executed if the money is raised upon a mortgage. 1 Sugden, Powers, 513, 485; Hill on Trustees, 475; Lewin on Trusts, 416, and many others that might be cited. They all refer to Mills *vs.* Banks, 3 P. Wms. 1, as the leading case upon the subject. It is certainly the earliest that we have found, having been determined in 1724. Lord Macclesfield, who delivered this judgment, was reviewing, on a rehearing, the decision of his predecessor, Lord Cowper, who had ordered this mortgage and said that he "should not have made the decree, but the same having been made, and this being a rehearing, as it is in the discretion of the court whether they will grant a rehearing, it is equally so whether they will do anything thereon. Moreover, when an infant's money has been lent, under a decree and by the approbation of a master, for the court to make another decree, setting aside this security, would be to make the court fight against itself and act inconsistently. * * * The court never gives any aid against a purchaser or mortgagee without notice. This is a stronger case; for, though here is notice of the settlement, here is also notice that the court has declared and decreed ᵗhat the term thereby raised, and the trusts declared concerning the same, empower the trustees to sell the premises for raising the money; and a power to sell implies a power to mortgage, which is a conditional sale."

In this state, the judge of the superior court, as chancellor, has jurisdiction over the sale of trust estates, upon a petition at chambers, and a decree rendered upon such a petition is as valid and as little liable to attack as it would be had it been made in open court by the judge and jury, upon a bill filed for the purpose. It should afford protection to a purchaser under it.

Weems, trustee *vs.* Coker.

We do not find anything in Mrs. Weems' marriage settlement, as was insisted by the able counsel for the defendant in error, that would authorize this transaction. She and her husband jointly have the right to use the property for the support of themselves and family, without account to the trustees, and the latter are empowered, with her written consent, to sell for investment. A sale or mortgage to raise money for the support of the family, or for the improvement and use of the trust estate, would not be a proper execution of either of these powers.

3. It is insisted by counsel for plaintiff in error, that the chancellor had no authority to order Miss Ingram's portion of this land and stock to be mortgaged, because she is *non compos mentis*, and her property is not held in trust in such a sense as would give him jurisdiction over it. No separate defence was made for her to this proceeding for foreclosure, and the evidence is entirely too meagre to enable us to pass upon the questions raised. There are intimations in this record that her mother was her guardian; whether she was her guardian as a minor, or as an adult *non compos mentis*, does not appear. This property was conveyed to another person for her use. Whether she was then under age, or had attained her majority and was under disability, is equally doubtful, from the facts in this record. As this case goes back for another hearing, the pleadings may be so amended, if deemed advisable, as to protect her rights in the premises, and to admit proof on all questions essential to that end. None of the questions in this case could be made on the motion in arrest of judgment. The documents on which it was based formed no part of the record; they were a part of the proof, and the motion is necessarily founded on errors in the record.

Judgment reversed.