### WEEMS *et al. vs.* HARROLD, JOHNSON & Co.

EQUITY, FROM LEE.   Mortgage.   Trusts and Trustees.   Equity.   Jurisdiction.   Injunction.   (Before Judge Fort.)]

Hall, J.—In the case of Weems, trustee, *vs.* Coker, (70 Ga., 746), it was held that the Chancellor, sitting at chambers, might grant to a trustee power, upon a petition regularly presented by all the parties, to encumber a trust estate by the execution of a mortgage, and that this jurisdiction, thus exercised, was as extensive and conclusive upon the rights of parties covered by the decree as it would have been had it been rendered upon a bill filed, and a trial had at a regular term of court before the judge and jury. Nothing, however, was decided as to the extent to which this decree encumbered the trust property, or as to the respective rights and estates of the several *cestuis que* trust under the marriage settlement, and the deed conveying the property in question. Nor was it determined what parties should have been before the Chancellor.

(a) Semble, that the minor daughter of Mr. and Mrs. Weems had a present interest in the trust estate and its preservation for her personal use under the trust deed allowing her father to manage and use the property and apply the income arising therefrom "to the support, comfort, use and benefit of themselves and family" of which this minor, upon her birth, became a member; and if she was in existence and not represented by guardian *ad litem* when the decree was rendered, then her present interest in the property, be it much or little, may not have been bound by the decree entered at chambers upon the application and at the instance of the trustee. How far her enjoyment of this interest depended upon the discretion of her parents and of the trustee, and what effect this may have had upon a failure to represent her by guardian *ad litem*, is not now before the court and is not decided.

(b) Whether Miss Ingram's interest in this trust property was properly represented before the Chancellor when the order to encumber it was made at chambers, has not been decided by this court; and whether she was properly represented in subsequent proceedings, is a point in issue under the present bill, as, also, is the question whether the decree sought to be reviewed was entered into by consent, and whether the parties consenting had authority so to do. A suit pending for the recovery of property duly prosecuted, and not collusive, is notice to a purchaser, so as to affect and bind his interest by the decree. Under the English rule, the pendency of the suit begins from the service of the subpœna; but, under our statute, it seems that the suit commences and is pending upon its filing in the proper office, and the entry of filing thereon by the clerk. 35 Ga., 215 ; Code, §3333.

(c) No necessity for an injunction appears in this case, and its refusal was not error.

Judgment affirmed.

G. W. Warwick ; Lyon & Gresham, for plaintiffs in error.

Hawkins & Hawkins ; Guerry & Son ; B. P. Hollis ; B. B. Hinton ; Chas. A. Davis ; E. G. Simmons ; G. W. Warwick, for defendants.