PERKERSON *et al. v.* REAMS.

Whether or not counsel for heirs at law had authority from them to have one appointed administrator, such authority having been assumed in open court, and there being no question that these were the attorneys of the parties, the appointment is binding on them; and if they have cause for complaint, they must seek redress against their counsel.

January 20, 1890.

Injunction. Administrators. Attorney and client. Judgments. Before Judge BOYNTON. Spalding county. At chambers, October 14, 1889.

Reported in the decision.

E. W. HAMMOND and L. CLEVELAND, for plaintiffs.

STEWART & DANIEL, for defendants.

BLANDFORD, Justice.

Certain persons claiming to be the distributees of John Knight, deceased, offered for probate in the court of ordinary a certain paper as a nuncupative will of said decedent, which probate was contested by the next of kin; and the case thus made was by consent appealed to the superior court. The heirs at law also made application to the ordinary for letters of administration on the estate of the deceased, and a caveat being filed thereto, this application and caveat were by consent carried by appeal to the superior court. While these two cases were pending in the superior court, the parties to the case of the probate of the will agreed upon a settlement, by which the propounders of the will were to have one-half of the estate and the heirs at law the other half; and it was understood and agreed between the parties that an administrator should be agreed upon and appointed. During the term of court at which this compromise was entered and approved by the court, counsel for the heirs at law agreed to and

asked of the court the appointment of the defendant in error, Thomas B. Reams, as administrator, upon said estate, which request was granted by the court, and the court of ordinary directed to issue letters to him accordingly. The heirs at law then filed this bill, in which they alleged that their counsel had no authority from them to have the said Reams appointed administrator, and they asked an injunction against his acting as such administrator, and against his selling any of the property belonging to the estate. They further prayed that the order appointing him administrator be set aside, and that some proper person be appointed to take charge of the lands as receiver, and rent them out for that year. This injunction was refused, and they excepted.

We are of the opinion that the injunction was properly refused. Whether their counsel had authority from them to have Reams appointed administrator, or not, their counsel having assumed the authority in open court, and the court at their request having appointed Reams administrator, the parties are bound thereby. If they have any cause of complaint, they must seek redress against their counsel. The action of the court was legal. The court had the right, there being no question that these were the attorneys of the parties, to rely upon their having proper authority to represent their clients. Where counsel appear for parties before the court, and there is no question as to their authority for making such appearance and acting in behalf of the parties, all that counsel do before the court is binding upon their clients, especially when such action on the part of counsel leads to judgments and orders of the court. Such orders will not be set aside at the instance of clients upon the ground that their counsel had no authority to agree thereto.    *Judgment affirmed.*