## LONGMAN & MARTINEZ v. BRADFORD.

If an attorney at law, in violation of express instructions, causes his client to be made a party to pending litigation, the latter is not bound by any judgment therein rendered, but may repudiate the same, and, if he is the only person sought to be charged thereby, may by appropriate and timely proceedings have such judgment set aside; or, if there be others upon whom it is lawfully binding, he may have it annulled in so far as it relates to him.

Argued June 16, — Decided July 28, 1899.

Petition to set aside judgment. Before Judge Henry. Floyd superior court. November 14, 1898.

*John W. Akin* and *Neel & Neel,* for plaintiffs.
*Fouche & Fouche,* for defendant.

LUMPKIN, P. J. The facts of this case need not be stated. It turns upon the proposition announced in the headnote. Undoubtedly, an attorney at law employed generally to represent a party in a particular matter has authority to bind his client by any act which he may lawfully do for the purpose of effectuating the object for which he was employed. Section 4417 of the Civil Code confers upon attorneys at law "authority to bind their clients in any action or proceeding, by any agreement in relation to the cause made in writing, and in signing judgments, entering appeals," etc. But this section must be understood as applying to the conduct of attorneys in actions or proceedings which they are either expressly or impliedly authorized to bring or defend. It can not properly be construed to authorize an attorney to bind his client by bringing an action which he was expressly and explicitly forbidden to institute. In *Perkerson* v. *Reams,* 84 *Ga.* 298, relied on by counsel for the defendant in error, it appeared that the attorney had general authority to represent his clients in that case. In the case now before the court, the attorney had no authority whatever to make his clients parties to the pending action, and consequently they were not bound for the costs thereof. The principle involved was distinctly recognized by this court in *Dobbins* v. *Dupree,* 39 *Ga.* 394, in which it was held that: "Though an attorney who appears and confesses judgment for

a suitor is, prima facie, to be taken as having been retained by the suitor, yet if the fact be otherwise, the court will, upon proof to that effect, set aside the judgment." The following extract from 2 Enc. Pl. & Pr. 690, is also pertinent: "The clear weight of authority, and the true rule of law on principle, is that a domestic judgment rendered against a person without any service of summons upon him and without any appearance by him, and only upon an appearance made by an unauthorized attorney, which appearance has never been ratified or confirmed, is absolutely void as to the person for whom the appearance was made." "If [he] may thus show that the appearance was unauthorized, he may, of course, show that the authority was special or limited. Thus the recital of the record may be explained by proof that the attorney was not empowered to submit the defendant to the jurisdiction of the court, but only to plead to the jurisdiction. So also, where the judgment was against the plaintiff for costs, and he is sued upon it in another State, he may defend by showing that he gave no authority to institute the suit and had no knowledge thereof before judgment was rendered." 2 Black on Judg. § 903, p. 1081. Or, "if an attorney assuming without authority to act for a plaintiff brings a suit and loses it, the defendant recovering a judgment for costs, equity will restrain the enforcement of such judgment in the same circumstances which would induce it to relieve the defendant in the converse case." 1 Ibid. § 374. In this State, relief may be granted on a motion to set the judgment aside. This was the course pursued by the plaintiffs in the present case, and the court below erred in dismissing their petition on demurrer.

*Judgment reversed. All the Justices concurring.*