REECE *v.* McCORMACK *et al.*

No. 12950. SEPTEMBER 14, 1939.

666

*J. P. Fowler,* for plaintiff.   *H. S. Brooks,* for defendants.

DUCKWORTH, Justice. The uncontradicted evidence shows that the verdict and judgment under attack in the present action were consented to by Howell Brooke, who at the time was an attorney employed by the defendant for the purpose of representing him in that case, without any limitation upon his authority. His act in consenting to a verdict and judgment was authorized by the defendant and was binding on him. *Williams* v. *Simmons,* 79 *Ga.* 649 (7 S. E. 133); *Taylor* v. *American Freehold Land Mortgage Co.,* 106 *Ga.* 238 (3), 248 (32 S. E. 153); *Hollenbeck* v. *Glover,* 128 *Ga.* 52 (57 S. E. 108); *Adkins* v. *Bryant,* 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. R. 211); *Brannan* v. *Mobley,* 169 *Ga.* 243 (6) (150 S. E. 76); *Stone Mountain Confederate Monumental Asso.* v. *Smith,* 170 *Ga.* 515 (153 S. E. 209); *Elliott* v. *Elliott,* 184 *Ga.* 417 (191 S. E. 465). In *Adkins* v. *Bryant,* supra, it was held: "A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel with whose consent such verdict and judgment is rendered." Nothing further appearing, the judge was authorized to deny an injunction.

But the plaintiff sought to avoid that judgment upon the sole ground that it resulted from the unauthorized agreement referred to in his petition. In support of this contention he relies upon the Code, § 9-603, and the decision in *Davis* v. *First National Bank of Blakely,* 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750). Had plaintiff's petition alleged that no attorney authorized to represent him consented to the verdict and decree, and had the uncontradicted evidence on the hearing supported the allegations of his petition, the law relied upon would have sustained his contention; but the petition contained no such allegation, and there was evidence, not only that the defendant's attorney appeared in court at the time the verdict and judgment were taken and consented thereto, but that the attorney alleged to have made the agreement was employed by the defendant to represent him in the cause. By virtue of the Code, § 9-605, to the effect that attorneys have authority to bind their clients in any proceeding by an agreement relating to the cause, made in writing, the alleged agreement of counsel was binding upon the defendant, it not appearing that he had restricted the authority of the attorney by prohibiting the making of such an agreement. *Perkerson* v. *Reams,* 84 *Ga.* 298

(10 S. E. 624). The rule would be otherwise if the agreement violated any express instructions of the client to his attorney, which were known to the opposite party. *Longman* v. *Bradford,* 108 *Ga.* 572 (33 S. E. 916); *Bigham* v. *Kistler,* 114 *Ga.* 453 (3), 460 (40 S. E. 303); *Heath* v. *Miller,* 117 *Ga.* 854 (44 S. E. 13); *Anderson* v. *Crawford,* 147 *Ga.* 455, 458 (94 S. E. 574, L. R. A. 1918B, 894); *Davis* v. *First National Bank of Blakely,* supra. The sole attack upon the agreement being that the attorney making it on behalf of the defendant had not been employed by him, and there being evidence that the attorney was in fact employed by the defendant, the judge was authorized to hold that the agreement was valid as against this attack; and there being no contrary contention, it will be assumed that the agreement otherwise conformed to the Code, § 9-605. The judgment denying an injunction was not unauthorized on this theory of the case.

*Judgment affirmed. All the Justices concur.*