18405. ALEXANDER *et al. v.* DAVIS *et al.*

HAWKINS, Justice. The exception here is to the dismissal of the plaintiff's suit on motion of counsel for the defendants, that the court was without jurisdiction since none of the defendants was a resident of Polk County when the suit was filed and there was no waiver of jurisdiction. The allegation of the petition was that two of the defendants were nonresidents, but that the third defendant was a resident of Polk County. A general demurrer and answer were filed, and the answer denied all the paragraphs of the petition. The evidence during the trial showed without contradiction that none of these defendants was a resident of Polk County at the time the suit was filed. *Held:*

The filing of the demurrer and answer here without questioning the jurisdiction is pleading to the merits within the rule that one pleading to the merits without excepting to the jurisdiction of the court waives any objection to jurisdiction of his person. Code § 81-503; *Berry* v. *Watkins,* 158 *Ga.* 304 (123 S. E. 102); *Waters* v. *Waters,* 167 *Ga.* 389 (145 S. E. 460); *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (173 S. E. 135); *Black* v. *Milner Hotels,* 194 *Ga.* 828 (22 S. E. 2d 780); *Gates* v. *Shaner,* 208 *Ga.* 454 (67 S. E. 2d 569). The defendants having thus waived jurisdiction, the court erred in dismissing the suit on the basis that there was no jurisdiction of the defendants and no waiver thereof.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*

SUBMITTED NOVEMBER 10, 1953—DECIDED JANUARY 12, 1954.

*Marson G. Dunaway, Jr.,* for plaintiffs in error.

*J. Milton Grubbs, Jr., Don B. Howe, Harold Murphy,* contra.