## 28731. NATIONAL COMMUNITY BUILDERS, INC. v. CITIZENS & SOUTHERN NATIONAL BANK.

GUNTER, Justice.

This is an appeal from a judgment that confirmed a foreclosure sale that was conducted pursuant to a power of sale contained in a deed to secure debt. The appellee had foreclosed pursuant to the terms contained in its security deed and had purchased the realty at the foreclosure sale. The appellee then reported the sale to the superior court of the county where the land was located and applied for confirmation and approval of the sale pursuant to Code Ann. § 67-1503. The appellant filed responsive pleadings that opposed confirmation, and after conducting a hearing the trial judge entered a judgment that: the appellant was in default and that the foreclosure was legally justified; the foreclosure sale was properly held and legally conducted; the purchase price paid by the appellee at the foreclosure sale was the fair market value of the realty; and that the Georgia statutes which allow foreclosure of realty pursuant to powers of sale contained in security deeds without prior notice and a hearing are not unconstitutional.

The appellant has come here contesting the trial court's judgment, and its main contentions are: that its loan from appellee at the time of foreclosure was not legally in default; that the foreclosure sale was not legally and properly conducted; that the purchase price paid for the realty at the foreclosure sale was less than fair market value; and that the Georgia foreclosure statutes that permit foreclosure without prior notice and a hearing are unconstitutional. For these reasons the appellant contends that the judgment approving and confirming the foreclosure sale was erroneous and should be reversed.

We affirm the trial court's judgment for the reasons hereinafter stated.

I.

This foreclosure sale and application for confirmation resulted from a business transaction involving a rather complicated factual situation. We can see no point in detailing those facts other than to say that

appellee made a construction loan to appellant that was secured by a security deed to the real estate being improved. The appellee declared the debt to be in default and foreclosed. Appellant contends that the debt was not in default, and that the appellee's foreclosure was illegal.

The evidence in the record shows five possible "events of default." They were: appellant filed a declaration of condominium without prior approval of appellee; appellant changed its project from sale of condominiums to rental of condominium units without advising appellee; a claim of lien for materials or labor was filed of record against the realty and not removed by appellant by payment or bond within thirty days of the date of the recording of the lien; appellant failed to pay interest due on an interest due date; and appellant permitted events to occur "which would authorize the acceleration" of debts owed by appellant to third parties.

The question of default or no default on the part of the appellant was a question of fact. The question of default or no default on the part of the appellant could not, on the basis of the evidence contained in this record, be determined as a matter of law by a court. The trial judge who heard the evidence determined this fact issue in favor of the appellee. His determination is supported by evidence contained in the record, and this court cannot hold as a master of law that there was no default on the part of the appellant.

## II.

The trial judge held that the foreclosure sale was properly held and legally conducted. The appellant's main contention on this issue is that the newspaper advertisement of the foreclosure was legally inadequate. The advertisement described the realty just as the realty was described in the security deed. However, the advertisement did not set forth all of the "together with" clauses contained in the printed security deed form which included buildings, structures, improvements, equipment, fittings, fixtures etc. Appellant contends that since the advertisement did not include all of these "together with" clauses, then the advertisement was confusing, misleading, and did not put prospective purchasers at the sale on notice as to what was actually

being sold.

We consider this contention to be without merit. The term "real estate" as used in our foreclosure and confirmation statutes is a fixed legal concept, and when realty is described by metes and bounds and sold, then the sale includes all improvements that are "a part of the realty." We hold that the advertisement in this case that described the realty by metes and bounds as the realty was described in the security deed adequately and sufficiently put all prospective purchasers on notice as to exactly what was being sold at the foreclosure sale. Appellant's enumerated errors attacking the procedural validity of the foreclosure sale are without merit.

### III.

The trial judge held that the purchase price paid at the foreclosure sale was the fair market value of the realty. The testimony of the appraisers for the appellant and the appellee varied considerably. However, this was a question of fact for determination by the trial judge, and since his finding and conclusion is supported by evidence in the record, the appellant's contention, that the purchase price paid was not the fair market value of the realty, is without merit.

### IV.

The trial judge held that Georgia's realty foreclosure statutes are not violative of the due process clauses of the Federal and Georgia Constitutions. Appellant contends that they are in that they do not afford prior notice and a hearing before the foreclosure sale is conducted.

The decision of this court in *Ruff v. Lee,* 230 Ga. 426, (197 SE2d 376) (1973) upheld the constitutionality of Georgia's realty foreclosure procedures against the same constitutional attacks made in this case. We adhere to our decision in *Ruff v. Lee* and reiterate that Georgia's realty foreclosure statutes, Code §§ 67-1301, 67-1506, 39-1101, 39-1102, and 39-1201, are constitutional, and a foreclosure pursuant to them does not violate procedural due process rights.

*Judgment affirmed. All the Justices concur, except Nichols, P. J., who is disqualified.*

ARGUED MARCH 12, 1974 — DECIDED JULY 16, 1974 —

REHEARING DENIED JULY 30, 1974.

*Harris & Martin, Robert B. Harris, Nancy Pat Phillips,* for appellant.

*Alston, Miller & Gaines, William C. Humphreys, Jr.,* for appellee.