### 31111. TRIPPE v. TRIPPE.

HILL, Justice.

Loy H. Trippe brought a petition for modification of alimony and child support payments. After a hearing the Rabun Superior Court sitting without a jury denied his petition for modification. He appeals, enumerating as error the court's denial of modification and its award of $800 to the wife as expenses of litigation.

The parties were divorced on April 10, 1974. The divorce decree awarded custody of the two children to the wife and alimony and child support totaling $1,000 per month to her. In February 1975 the husband filed a complaint alleging a substantial change in his income and financial status and seeking a modification of the alimony and child support payments.

The case came for trial on November 10, 1975. The evidence showed that the husband is a licensed real estate broker dealing in syndications and land speculation. He receives a commission for consummating a syndication among investors and then receives a second commission when the property is resold for development. He often invests personally in these joint ventures. He has a law degree, but has never practiced law and is not a member of the Georgia Bar. His adjusted gross income as reported on his federal income tax return for 1972 was $30,674, for 1973 was $23,568, for 1974 was $4,359, and for 1975

(January 1, 1975 to November 10, 1975) was $5,548. For both 1974 and 1975 his gross income was substantially more, but his gross income was reduced by large deductions for interest payments, losses on real estate transactions and a loss on the sale of his airplane.

The husband testified that his real estate business has been substantially hurt in these last two years by the nation's economic situation. He stated that, in addition, during this period he has invested in a salvage business and a corrugated box business. On cross examination he admitted that he devotes full time to his real estate ventures, that ten to twelve people are employed part-time by his real estate company, that he has not considered working for another real estate broker, and that he has not looked for any other job that would give him more income. "I've been self-employed so long I'd rather try to get something going that we could make some good money at, once it got going."

The Georgia law makes provision for a revision of permanent alimony for the support of a wife or children upon a showing of a change in the income and financial status of the husband. Code Ann. § 30-220. This statute has been interpreted as not requiring a revision; instead the question is whether the evidence demanded a revision. *Barker v. Barker,* 233 Ga. 170 (210 SE2d 705) (1974).

Although there was evidence in this case that the husband's income as reported on his tax returns had decreased, the evidence did not demand revision. "A substantial decrease in the husband's income or financial status since the date of the decree may warrant a decrease of alimony but does not demand it." *Knox v. Knox,* 225 Ga. 481 (1) (169 SE2d 805) (1969). Under these circumstances we will not disturb the decision of the trial court. *Stiltz v. Stiltz,* 236 Ga. 308 (223 SE2d 689) (1976).

Code Ann. § 30-223 permits reasonable expenses of litigation to be paid to a wife in a suit such as this. We do not find that the trial court abused its discretion in awarding $800 here.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 7, 1976 — DECIDED JUNE 29, 1976.

*Norman Smith,* for appellant.
*Frank Sutton,* for appellee.