52870, 52871. JONES et al. v. HAMILTON MORTGAGE CORPORATION (two cases).

CLARK, Judge.

These two appeals involve a contest by appellant borrowers to applications of a lender for confirmation of two independent foreclosure sales on two adjacent tracts. Borrowers sought to raise defenses as to the merits of the claims. Specifically, they contended there were agreements made between them and Hamilton Mortgage Corporation which prevented the promissory notes from being due at the time of the foreclosures.

We have heretofore held that the statute (Ga. L.1935, p. 381) contained in the Annotated Code Supplement as § 67-1503 et seq. does not entitle borrowers to present monetary claims between the parties having no relation to the "true market value." *Scroggins v. Harper,* 138 Ga. App. 783 (227 SE2d 513). Similarly, in *Aaron v. Life Ins. Co. of Ga.,* 138 Ga. App. 286 (226 SE2d 96) we ruled that the superior court judge did not err in excluding evidence regarding an escrow deposit. In both of these cases we noted that such claims between the parties are matters for determination in other lawsuits.

Our confirmation statute outlines in detail the prerequisites placed upon a lender seeking to obtain the foundation for a subsequent suit for a deficiency. It requires that "the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval" (Code Ann. § 67-1503). At the bench trial evidence must be presented "to show the true market value of the property" (Code Ann. § 67-1504). The duties incumbent upon the court are (1) to "direct notice of the hearing to be given the debtor at least 5 days prior thereto" (Code Ann. § 67-1505); (2) to pass "upon the legality of the notice, advertisement, and regularity of the sale" (Code Ann. § 67-1505); and (3) not to confirm the sale unless the judge "is satisfied the property so sold brought its true market value on such foreclosure sale" (Code Ann. § 67-1504). The court also "may, for good cause shown, order a resale of the property." (Code Ann. § 67-1505; see *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233).

It is therefore clear that the duty of the court is to test the fairness of the technical procedure of the actual sale and to insure that the sale has brought at least the true market value of the property. The statute does not contemplate that the court shall undertake to decide controversies between the parties as to the amount of the debt or side-agreements which could have been the basis of an injunction preventing the foreclosure sale.

The legislative intention was to have a speedy determination through a bench trial of the specific items stated in the statute. In this way there would be no lengthy litigation which would cloud the title to the property and delay a sale thereof. Nor would the borrower be deprived of his right to a jury trial on meritorious matters involved in the loan transaction.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED NOVEMBER 18, 1976.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellants.

*Cofer, Beauchamp & Hawes, James H. Rollins,* for appellee.