## 53302. HAMILTON MORTGAGE CORPORATION et al. v. BOWLES et al.

McMURRAY, Judge.

On September 12, 1973, Hamilton Mortgage Corporation made a loan to Woodcreek, Ltd., a general partnership consisting of four partners, for the purpose of the acquisition and development of real estate. This loan was secured by a deed to secure debt conveying 84.444 acres of land in Forsyth County, Georgia.

On October 22, 1975, Hamilton Mortgage Corporation declared the loan to be in default. An undivided 98.77% interest in the deed to secure debt was assigned to the Hamilton National Bank of Chattanooga three days later. The property was advertised for sale under a power of sale contained in the deed to secure debt, and the property was sold under power on January 6, 1976, to Hamilton Mortgage Corporation.

An application for confirmation of the sale was filed by Hamilton Mortgage Corporation and the Hamilton National Bank of Chattanooga on February 5, 1976, with notice of same to be served on the named partners of Woodcreek, Ltd. The partners, as defendants, answered, raising several defenses including estoppel, novation, increase of the risk, failure of consideration, failure to state a claim upon which relief may be granted, failure to sell at the true value and improper venue due to plaintiffs' failure to assert the application for confirmation in their

Fulton County action for equitable relief and damages arising from the same transaction. Confirmation was denied. Hamilton Mortgage Corporation appeals from the denial of confirmation. *Held:*

1. The original notice of appeal named only Hamilton Mortgage Corporation as appellant. Some six months later the notice of appeal was amended to add an additional appellant, the Hamilton National Bank of Chattanooga. Prior to the present Appellate Practice Act the Supreme Court held that where a writ of error was sued out by one entitled to except, an amendment could be made for the purpose of adding as co-plaintiffs in error all parties in the court below "who the record shows could have united in suing out the writ of error." See *Ramey v. O'Byrne,* 121 Ga. 516, 518 (2) (49 SE 595). Ga. L. 1972, pp. 624, 625 (Code Ann. § 6-809 (b)), provides, "If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." Counsel's unrefuted affidavit states that it was the intention of the Hamilton National Bank of Chattanooga to appeal the ruling in the trial court but due to clerical error and oversight the name of this party was omitted from the original notice of appeal. If *Ramey v. O'Byrne,* supra, has been altered by recent statute it is only to the extent of adding the proviso that in order to add an additional proper party by amendment to the notice of appeal the original omission of that party must have been an inadvertent error. Here, the Hamilton National Bank of Chattanooga could properly be added to the notice of appeal by amendment.

2. The Hamilton National Bank of Chattanooga having been joined as an additional party appellant by amendment to the notice of appeal, appellees' motion to dismiss for failure to join that party is rendered moot and need not be decided.

3. Code Ann. § 67-1503 et seq. (Ga. L. 1935, p. 381) prescribes the procedure to be followed as a condition precedent to the seeking of a deficiency judgment by a lender following a foreclosure sale. The sole issue in the confirmation procedure is the evaluation of the real estate

as of the date of the sale. *Aaron v. Life Ins. Co. of Ga.,* 138 Ga. App. 286 (2) (226 SE2d 96); *Scroggins v. Harper,* 138 Ga. App. 783 (1) (227 SE2d 513).

In the case sub judice the court concluded that it was authorized to rule on the issue of the existence of a default where such issue is properly raised. The court proceeded to find that as a result of a novation the September 12, 1973, loan transaction no longer existed, and therefore, there could be no default under that agreement.

The inquiry of the trial court into the issue of the existence of a default was erroneous. "[T]he duty of the court is to test the fairness of the technical procedure of the actual sale and to insure that the sale has bought at least the true market value of the property. The statute does not contemplate that the court shall undertake to decide controversies between the parties as to the amount of the debt or side agreements which could have been the basis of an injunction preventing the foreclosure sale." *Jones v. Hamilton Mtg. Corp.,* 140 Ga. App. 490, 491 (231 SE2d 491).

The defendants (appellees) argue that the trial court's inquiry into the issue of the existence of a default was a proper exercise of the authority of that court and cite as authority *National Community Builders, Inc. v. C. & S. Nat. Bank,* 232 Ga. 594 (1) (207 SE2d 510). In that case the Supreme Court considered the appellant's contentions that its loan from appellee at the time of foreclosure was not legally in default, that the Georgia realty foreclosure statutes are unconstitutional, and other affirmative defenses and requests for relief. Here the defendants' (appellees') answer merely recites that injunctive relief has been sought in Fulton Superior Court which is pending at the time of this application for confirmation.

They suggest that the Supreme Court's consideration and discussion of the issues in the *National Community Builders* case, supra, should be construed as approval of the trial court's examination of the issue of existence of default. But the demands or prayers for relief here are not the same as in the *National Community Builders* case, and it is not controlling. Therefore, we follow *Jones v. Hamilton Mtg. Corp.,* supra, and remand

the case for further action.

*Judgment reversed and remanded. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 19, 1977 — DECIDED APRIL 11, 1977 —
JUDGMENT ADHERED TO ON REHEARING JUNE 21, 1977 —
REHEARING DENIED JULY 15, 1977 —

*Cofer, Beauchamp & Hawes, James H. Rollins,* for appellants.

*Simmons, Martin, Warren & Szczecko, Joseph Szczecko,* for appellees.