54007, 54008. PEACHTREE MORTGAGE CORPORATION et al. v. FIRST NATIONAL BANK OF ATLANTA (two cases).

BANKE, Judge.

The appellee bank was the holder of deeds to secure debt covering several tracts of land owned by appellant Peachtree Mortgage Corp. Due to alleged defaults on the underlying indebtedness, the appellee foreclosed and purchased the property as the only bidder. It then filed proceedings against the appellants—Peachtree and its indemnitor—seeking judicial confirmation of the sales.

Judgment was entered confirming the sales, and the appellants appeal.

1. In their answer to the appellee's complaint, the appellants counterclaimed for the alleged excess of the property's fair market value over its sale price. The counterclaim was dismissed by the trial judge, and the appellants contend that the court thereby committed error. This contention is meritless. A monetary counterclaim filed by the debtor will not be entertained in a confirmation proceeding. *Jones v. Hamilton Mtg. Corp.,* 140 Ga. App. 490 (231 SE2d 491) (1976); *Scroggins v. Harper,* 138 Ga. App. 783 (1) (227 SE2d 513) (1976).

2. The existence vel non of a default is also irrelevant to the issues in a confirmation procedure. *Hamilton Mtg. Corp. v. Bowles,* 142 Ga. App. 882 (3) (1977). Therefore, if the trial judge erred in admitting the appellee's computer records without foundation in order to show default, such error was harmless.

3. The trial judge did not err in denying the appellants' demand for a jury trial. In a confirmation proceeding there is neither a constitutional nor a statutory right to a trial by jury. *Jonesboro Invest. Trust Association v. Donnelly,* 141 Ga. App. 780 (2) (234 SE2d 349) (1977); *Kilgore v. Life Ins. Co. of Ga.,* 138 Ga. App. 890 (3) (227 SE2d 860) (1976).

4. The appellants contend that there is no competent evidence that the property brought its true market value when sold. "The court shall require evidence to show the true market value of the property sold under such powers, and shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure sale." Code Ann. § 67-1504 (Ga. L. 1935, p. 381). "As a general rule the price brought at a public sale, after proper and lawful advertisement, is prima facie the market value of the property sold, absent anything to indicate that there was chilling of the bidding, fraud, or the like adversely affecting the sale. . . But under the terms of the statute here the applicant may not rely solely on such a prima facie showing; he must introduce evidence showing the value of the property at the time of sale." *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238) (1972).

In the instant case, an expert appraiser testified as to his opinion of the true market value of each parcel of land and gave his reason for the opinion. Based on those appraisals, it could be found that the property when sold brought its true market value. Although the appellants present a serious challenge to the means by which the appraisers reached their opinions, the expert opinions do provide sufficient evidence of true market value to support the trial court's ruling. An expert need not give reasons for an opinion. See *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845 (2) (140 SE2d 109) (1964). But, if the expert does give reasons, and it appears that the opinion is not based on sheer speculation, then this court cannot second guess the methodology utilized to reach the opinion. See *Clemones v. Alabama Power Co.*, 107 Ga. App. 489 (2) (130 SE2d 600) (1963).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JUNE 8, 1977 — DECIDED JUNE 29, 1977 — REHEARING DENIED JULY 20, 1977 — 

*Savell, Williams, Cox & Angel, Henry Angel*, for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, David K. Whatley*, for appellee.