### 54197. WAMMOCK v. SMITH et al.

BANKE, Judge.

The appellees are the trustees of Wachovia Realty Investments, an unincorporated business trust organized under the laws of South Carolina. The appellant gave Wachovia Realty Investments a note secured by a deed to secure debt on certain property located in Georgia. He later defaulted, and Wachovia Realty Investments foreclosed under the power of sale provisions in the security deed. The appellees then brought this action, reporting the sale and seeking confirmation thereof. All of the previous notices and documents filed with respect to the foreclosure proceedings had denominated "Wachovia Realty Investments" as the lender and grantee.

The trial court confirmed the sale after finding that the appellees had paid true market value for the property. This appeal followed.

1. The appellant contends that, under Code § 67-1503, the appellees could not lawfully bring this confirmation action as trustees because it was "Wachovia Realty Investments," not they, who instituted the foreclosure proceedings. The statute specifies that there shall be no action for deficiency judgment "unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale," etc.

This argument is meritless. The security deed, notice of sale under power, and deed under power all specified that the name "Wachovia Realty Investments" was "the designation of the trustees (as trustees, but not as

individuals). . ." Also, the deed under power specifically named "the Trustees of Wachovia Realty Investments" as the grantees. It is apparent that the trust can act only through its trustees and that it has no independent legal existence apart from its trustees. To view the trust as a separate legal entity so as to prevent confirmation of the sale would be contrary to both law and reason. See *Darby & Associates v. Federal Deposit Ins. Corp.*, 141 Ga. App. 78 (232 SE2d 615) (1977).

2. The appellant contends that the appellees, as foreign trustees, were not authorized to bring suit in the courts of this state without first filing a certified copy of their appointment pursuant to Code Ann. § 108-438. This statute provides as follows: "A foreign trustee, upon filing a certified copy of his appointment, may sue in the courts of this state and may sell property of his cestui que trust in this state. . ."

The appellees contend they are not subject to the statute since they were never *appointed* as trustees. Their power as trustees instead arises from a "Declaration of Trust" which they filed with the South Carolina Secretary of State. In the alternative, they urge that they have complied with the statute by filing a certified copy of the "Declaration of Trust" during the pendency of these proceedings in the lower court. We need not reach either of these questions, however, since a petition for confirmation of sale is not a "suit" but merely an application to the judge of the superior court. *Jonesboro Invest. Trust Assn. v. Donnelly*, 141 Ga. App. 780 (1) (234 SE2d 349) (1977). Therefore, Code § 108-438 does not apply.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Ervin, McCullough & Sherrill, John A. Sherrill,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard, Harvey S. Gray,* for appellees.