54744. GRIZZLE v. FEDERAL LAND BANK OF
COLUMBIA.
54745. WALLACE v. FEDERAL LAND BANK OF
COLUMBIA.
54746. BOLING v. FEDERAL LAND BANK OF
COLUMBIA.
54747. BOTTOMS v. FEDERAL LAND BANK OF
COLUMBIA.
54748. WILLS v. FEDERAL LAND BANK OF
COLUMBIA.
54749. HAMMOND v. FEDERAL LAND BANK OF
COLUMBIA.
54750. COLSTON v. FEDERAL LAND BANK OF
COLUMBIA.

QUILLIAN, Presiding Judge.

These seven appeals arise out of proceedings brought by the Federal Land Bank of Columbia (South Carolina) to confirm its sale under foreclosure of seven parcels of land. The trial judge confirmed the sale by an order entered on June 7, 1977. Then, after appeals were filed, by order nunc pro tunc June 9, 1977, he amended his order to contain findings of fact and conclusions of law. This order was filed July 6, 1977.

For simplicity we have consolidated the various, but often overlapping, enumerations of error into 10 grounds. Following each ground is the case number of the applicable appeal or appeals.

Ground 1: The court erred in entering its order confirming the sale on June 7, 1977, in that the order did not contain findings of fact and conclusions of law as contemplated by Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). (Nos. 54744, 54747, 54749, 54750.)

Ground 2: The court had no authority to enter its order of July 6, 1977, which was filed on July 12, 1977, as an amended order as the court had lost jurisdiction in each case since notice of appeal had been filed previously. (Nos. 54744, 54749, 54750.)

Ground 3: The court abused its discretion and erred in confirming the sale by holding that the "sale price" was

the fair market value of the realty. (Nos. 54744, 54749, 54750.)

Ground 4: The trial court erred in its conclusions of law that the "venue of the above styled proceedings was properly in the Superior Court of Dawson County." (No. 54745.)

Ground 5: The trial court erred in limiting the issues to the question of market value, notwithstanding the purported stipulation of the parties as to the "mechanics" of the foreclosure sale. (Nos. 54745, 54746, 54748.)

Ground 6: The trial court erred in its finding of fact that the "notices and advertisements of said sales were published once a week for four weeks immediately preceding the day of the sale in the proper newspaper" and further erred in its conclusions of law that those advertisements were "legal and regular." (Nos. 54745, 54746, 54748.)

Ground 7: The trial court erred in its finding of fact that the "sale . . . did not . . . bring the amount of the debt then owing and secured by the deed to secure debt. . ." (Nos. 54745, 54746, 54748.)

Ground 8: The trial court erred in entering the order and amended order confirming the sale. (Nos. 54745, 54746, 54748.)

Ground 9: It was error to accept the value of $600 per acre ascribed to the tract in which Lynn Bottoms was involved because the clear preponderance of the evidence was that this was less than its true value; that the figure was arrived at on an illogical and unreasonable basis that any sale of acreage in Dawson County was considered by the appraiser Rogers as a "comparable sale" regardless of location; and the $600 per acre for this tract was a "forced sale" price. (Nos. 54747.)

Ground 10: The trial court erred in its finding of fact that the "price obtained at the sale . . . (was) . . . (d) K-77-18 $96,000." (No. 54748.) *Held:*

*Grounds 1 and 2*

Where error was enumerated on the failure to comply with Code Ann. § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171), the Supreme Court pointed out in *Northside Realty v. Peachtree Mtg. Corp.*, 239 Ga. 62, 64, 65 (235 SE2d 491), it has handled the cases in three

different ways: (1) "In some cases we have considered findings of fact and conclusions of law made subsequently to the order appealed from and transmitted to this court... (2) In other cases, while the case was pending in this court we have requested the trial judge to make findings of fact and conclusions of law and file them in the trial court clerk's office, to be transmitted to this court... (3) In other cases, we have reversed the judgment and remanded the case for the entry of a new judgment which will include findings of fact and conclusions of law, with the right of appeal from the judgment." The court then held: "The entry of a supplemental order making findings of fact and conclusions of law, pursuant to Code Ann. § 81A-152, does not change the effect of a final order dismissing a complaint, but merely sets out the basis for the judgment of dismissal. It is not a new judgment. . ."

Here, the trial judge included the findings of fact and conclusions of law by subsequent judgment. Under these circumstances, this court will not require a vain action by reversing and remanding where full compliance with the law's purpose has been achieved. Grounds 1 and 2 are without merit. See *Wall v. Federal Land Bank,* 240 Ga. 236 (1977).

*Grounds 3 and 9*

Although the testimony of the expert witness for the appellee was contradictory and the bases for his opinion were subject to attack, and furthermore several witnesses for the parties opposing the confirmation gave higher appraisals of value and more thorough reasons for their opinion, still the judgment may not be reversed. Questions as to the weight of the evidence and as to the credibility of witnesses are for the trier of fact. His findings will not be disturbed absent evidence demanding a contrary judgment.

"In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them... What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the trial court is the judge of the credibility of the witnesses and of the

weight to be given the evidence." *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 661 (227 SE2d 46). Accord, *Nat. Community Builders v. C. & S. Nat. Bank,* 232 Ga. 594, 596 (207 SE2d 510).

We recognize that where the trial judge considers inadmissible matter or acts upon an erroneous legal premise then the rule of right for any reason is not applicable. *Smith v. Andrews,* 139 Ga. App. 380, 381 (228 SE2d 320).

In the case sub judice there is some indication that the trial judge considered he was bound by *Giordano v. Stubbs,* 228 Ga. 75 (184 SE2d 165), in determining the question of whether there was a fatal variance between the price brought at the sale and the true market value of the property. We have held that *Giordano* was not the proper guide in a confirmation proceeding and disapproved *Wachovia Mtg. Co. v. Moore,* 138 Ga. App. 101 (225 SE2d 460), for so holding. *Giordano* controls only in an equitable proceeding to set aside a sale. *Federal Deposit Ins. Corp. v. Ivey-Matherly Const. Co.,* 144 Ga. App. 313. The trial judge in the final order did not state that the price the property sold for was not grossly inadequate or that there was no excessive variation from such price and its true market value. Instead, he found that the price brought its true market value; thus, apparently he adopted the evidence of value introduced by the appellee.

Since we can not determine with certainty that the judge's determination was based on a misapplication of legal principles rather than an exercise of discretion and legitimate sifting of the evidence as the trier of fact, we must affirm.

Grounds 3 and 9 are without merit.

*Grounds 4 through 7*

All these grounds depend on the effect of a stipulation entered into during the course of the hearings. Counsel attending the hearing on May 19, 1977, agreed that questions as to the "mechanics" of the sale (notice, proper advertisement, etc.) would not be at issue, the sole question being the matter of did the property sell at its true market value.

Three of the appellants contend they are not bound

by the stipulation and endeavor to question the judgments on the bases set forth in grounds 4 through 7.

(a) While there was no written stipulation of fact, counsel in six of the cases now on appeal orally agreed in open court that they made no contentions with regard to the "mechanical" aspects of the sale, and that the sole issue would be whether the property sold at its true market value. Their agreement to forgo any question as to the technical regularity of the sale is binding and may not now be withdrawn. *Langston v. Maryland Cas. Co.*, 43 Ga. App. 854 (160 SE 823); *Perkerson v. Reams,* 84 Ga. 298 (10 SE 624).

(b) With regard to the objection made as to property not within the county, while this court has held a petition for confirmation is not a suit (*Jonesboro Inv. Trust Assn. v. Donnelly,* 141 Ga. App. 780, 783 (1) (234 SE2d 349); *Wammock v. Smith,* 143 Ga. App. 186, 187 (237 SE2d 668)), Code Ann. § 67-1503 (Ga. L. 1935, p. 381) provides for "venue" of a report of sale for confirmation. By analogy under both the CPA and former practice, venue may be waived by appearance and failure to object. CPA § 12 (h) (Code Ann. § 81A-112 (h); Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693), former Code § 81-503. *Alexander v. Davis,* 210 Ga. 292 (79 SE2d 810). "An attorney employed in two different suits which involve the same issues, and in which the different interests of his clients are of the same character, may stipulate that the trial of one shall determine the issues in the other." *Bryant v. Elberton &c. R. Co.,* 20 Ga. App. 586 (2) (93 SE 219), citing *Commercial Union Assur. Co. v. Chattahoochee Lbr. Co.,* 130 Ga. 191 (1) (60 SE 554).

Although it appears that different counsel now represent the appellants in 54745 and 54746, they are bound by the agreement of their former counsel, to the effect that all issues as to market value would be determined in the cases in Dawson County.

(c) The record shows that counsel for Wills (Case 54748) was not present at the time the stipulation was entered into. That being true, any agreement as to what need be proved, what facts were conceded, etc., would not be binding on Wills.

Thus, in that case only, the judgment is reversed since all the necessary facts regarding the regularity of the sale were not introduced into evidence.

*Ground 8*

The issue as to the existence of a default was properly not considered by the lower court. "The duty of the court is to test the fairness of the technical procedure of the actual sale and to insure that the sale has brought at least the true market value of the property. The statute does not contemplate that the court shall undertake to decide controversies between the parties as to the amount of the debt or side agreements which could have been the basis of an injunction preventing the foreclosure sale." *Jones v. Hamilton Mtg. Corp.,* 140 Ga. App. 490, 491 (231 SE2d 491). Accord, *Hamilton Mtg. Corp. v. Bowles,* 142 Ga. App. 882, 884 (237 SE2d 198); *Peachtree Mtg. Corp. v. First Nat. Bank,* 143 Ga. App. 17 (2) (237 SE2d 416).

*Ground 10*

There was testimony as to the price brought on the foreclosure sale. The fact that this evidence was introduced on the first day of the proceeding would not render it ineffective as to Wills (case 54748) since though there were several parties there was but one hearing. This ground is meritless.

*Judgments affirmed in case numbers 54744, 54745, 54746, 54747, 54749 and 54750; judgment reversed and remanded for another hearing in 54748. Shulman and Banke, JJ., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED FEBRUARY 16, 1978 — REHEARING DENIED MARCH 21, 1978, IN CASE NOS. 54745, 54746 and 54748.

*Robert J. Reed,* for Grizzle, Hammond and Colston.

*Johnson & Montgomery, Albert Sidney Johnson, Norman F. Miller, Robert J. Reed,* for Wallace, Boling and Wills et al.

*Emory F. Robinson, Robert J. Reed,* for Bottoms.

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellee.

(Cases 54745, 54746)

It is urged that under authority of *Weems v. Coker,* 70 Ga. 746, a default must be proved before confirmation of a foreclosure, and that our recent Court of Appeals cases construing Code Ann. §§ 67-1503 through 67-1506 (Ga. L. 1935, p. 381) must yield to that paramount decision. *Weems v. Coker,* decided in 1883, has no relevance to the statutory law which was passed in 1935.

Under our decisions, dealing with the language of the statute, default is not an issue.

*Judgments adhered to.*

(Case 54748)

It is argued that no objection was made with regard to the failure to introduce evidence regarding the legality and regularity of the sale; thus, there would be no basis to urge such failure as grounds for reversal by the court.

The evidence in question was necessary to sustain the judgment. Its absence was therefore fatal and such issue could be raised here in the enumerations of error. See Code Ann. § 6-702 (a) (Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 494).

*Judgment adhered to.*