## 53172. KEEVER et al. v. GENERAL ELECTRIC CREDIT CORPORATION OF GEORGIA.

SMITH, Judge.

This case involving a confirmation of sale under power arose when General Electric Credit Corp. foreclosed on a delinquent loan to Keever et al., and held a sale of the real estate which secured the loan. Keever et al., appellants, contend the superior court's confirmation was error because the property did not sell at its true market value or more and because the sale was not exercised fairly. Finding no error, we affirm the confirmation.

The evidence adduced before the superior court showed that the appellants became hopelessly in default on their loan obligations and attempted to have appellee take title to the property and forgive the debt. Appellee held a second mortgage on part of the tract and a first mortgage on the remainder. Some ten months after appellants conceded their inability to pay, the property was advertised for four consecutive weeks and bids were accepted on the steps of the Fulton County courthouse. No bids were offered on the tract encumbered by two mortgages; on the other tract, the only bid was from the appellee in an amount ten percent over the land's value as determined by appellee's appraiser. *Held:*

1. There was competent evidence that the land sold for its true market value. Ga. L. 1935, p. 381 (Code Ann. § 67-1504). The only evidence on the market value was received from appellee's appraiser, who testified at length to the procedures and methods of calculation he used in arriving at his opinion of the market value. The court was authorized to accept his conclusions. *National Community Builders, Inc. v. C. & S. Nat. Bank,* 232 Ga. 594 (207 SE2d 510).

2. Citing as authority Code § 37-607, the appellants contend the confirmation of sale should have been denied because the sale was conducted unfairly. It is noteworthy that the cited section comes within the equity provisions of the Code in conjunction with Code § 37-601 which declares, "powers . . . are peculiarly subjects of equitable supervision." On the other hand, the confirmation of sale

proceeding under Section 1 of the Foreclosure Sales Act of 1935 (Ga. L. 1935, p. 381; Code Ann. §§ 67-1503, 67-1504 and 67-1505), is an action at law. *Dockery v. Parks,* 224 Ga. 369 (162 SE2d 332). The only requirements for a confirmation set forth in the Act are notice, advertisement, and regularly conducted sale bringing at least the true market value of the property. Thus, the fact that a sale may have been conducted unfairly has no relevance in a confirmation of sale proceeding under the Act unless the unfairness relates to any of the requirements set forth above, such as by chilling the bidding and thereby casting doubt on whether the sale price equaled or exceeded the true market value.

The complaints of unfairness in this case are (1) the property was offered in two tracts, and (2) the appellee waited ten months after notice of appellants' inability to pay before proceeding with the sale.

The evidence authorized a finding that the twice-mortgaged tract had no equity value, and no bids were received for it. As discussed above, the evidence authorized a finding that the once-mortgaged tract sold for more than its true market value. Offering the land in two tracts therefore did not prevent the land from bringing the true market value, and it did not prevent the conduct of the sale from being "regular" since the deed to secure debt expressly authorized sale of the property in tracts. The two-tract offer was not unfair in any sense relevant to a confirmation of sale proceeding.

It is contended that waiting ten months before proceeding with the sale was unfair because it allowed enormous interest charges to accrue, and the creditor must be placed under some duty to mitigate his damages. Without passing on the validity of the argument, we note that delay in instituting action to conduct a sale under power is relevant in a confirmation of sale proceeding only insofar as the delay prevents the property from bringing its true market value, or otherwise renders the sale not "regular." No such showing was made in this case.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

Submitted January 17, 1977 — Decided April 7, 1977.

Johnson & Montgomery, Albert Sidney Johnson, William D. Montgomery, for appellants.
Harmon & Smith, Nolan B. Harmon, for appellee.