**CONSOLIDATED LEWIS INVEST- MENT CORPORATION—Limited Partnership**

v.

**FIRST NATIONAL BANK OF JEFFERSON PARISH, et al.**

**Civ. A. Nos. 87–1597, 87–2457.**

United States District Court, E.D. Louisiana.

June 16, 1987.

R. Bruce Macmurdo, Steffes & Macmurdo, Baton Rouge, La., for plaintiff.

Victor A. Sachse, III, Breazeale, Sachse & Wilson, Stephen F. Chiccarelli, Baton Rouge, La., for defendants.

## ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on defendants' First National Bank of Jefferson Parish (FNJ) and Hibernia National Bank's (Hibernia) petition for removal of a state court proceeding brought by plaintiff's Consolidated Lewis Investment Corporation-Limited Partnership (CLIC–LP) and further a motion by both defendants for this Court to then transfer the removed proceeding to the Middle District of Louisiana. Plaintiff has opposed defendants' motion by filing a motion to remand this action to the state court, or in the alternative, to abstain from considering the removal. This matter came on for hearing May 27, 1987 at 10:00 a.m.[1]

### Facts

The motions before this Court arise out of a suit brought by plaintiff in Civil District Court for the Parish of Orleans in which plaintiff alleges that Fidelity National Bank of Baton Rouge (Fidelity), prior to Fidelity's merger with Hibernia, acted in concert with FNJ to allow the late A.C. Lewis, Jr., President of CLIC–LP to divert loan proceeds purportedly due CLIC–LP to Mr. Lewis' personal banking accounts. Out of these alleged loan diversions, plaintiff claims it has been damaged as a result of wrongful encumberances placed on its property by FNJ as well as having been forced to make loan payments without any benefits from the loans. Further, plaintiffs claim due to the actions of Hibernia, FNJ and the late Mr. Lewis, plaintiff was forced to file bankruptcy.

In accordance with these allegations, CLIC–LP has asked the state court to (1) declare null and void a collateral mortgage and collateral mortgage note pledged and endorsed to FNJ encumbering the Orleans House Apartments; (2) cancel the FNJ mortgage on the Orleans House Apartments; (3) award damages to be paid by Hibernia and FNJ in the amount of $201,-428,421.65 or, in the alternative, $206,428,-421.65. The damages are sought as compensation for payments on the loan obligations, the alleged wrongful encumberances, and finally damages sustained as a result of CLIC–LP's bankruptcy.

Hibernia is a creditor and party in interest in the CLIC–LP Chapter 11 reorganization filed August 20, 1986 styled "In Re: Consolidated Lewis Investment Corporation—Limited Partnership, a Louisiana Limited Partnership, Debtor," Case No. 86–01256 presently pending in the United States Bankruptcy Court for the Middle District of Louisiana.

Both Hibernia and FNJ assert the best interests of justice would be served by the efficient administration of the CLIC–LP bankruptcy estate and, therefore, this matter should be transferred to the Middle District where, pursuant to 28 U.S.C. § 1334(d), exclusive jurisdiction over all property of the estate exists.

Plaintiff CLIC–LP, on the other hand, maintains that the state court action arises solely under state law and, therefore, requires mandatory abstention from federal jurisdiction pursuant to 28 U.S.C. § 1334(c)(2). Plaintiff further maintains that their state court proceeding prays for a jury trial and that in all likelihood the Bankruptcy Court of the Middle District would be unable to proceed with this matter by jury.

### Discussion

This matter was removed pursuant to 28 U.S.C. § 1452(a) which provides: A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

---

1. During hearing, defendant indicated it had just removed another suit to the Eastern District filed by CLIC–LP in the Civil District Court for the Parish of Orleans. The suit, styled *Consolidated Lewis Investment Corporation-Limited Partnership v. Heller Financial, Inc., et al,* Civil Action No. 87–2457 involves many of the same bankruptcy issues as the instant action and, therefore, was consolidated herein for disposition.

A district court has original and exclusive jurisdiction of all cases under Title 11 (28 U.S.C. § 1334(a)) and original but not exclusive jurisdiction of all civil proceedings arising under Title 11, and arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). According to plaintiff's own allegations, the bankruptcy of CLIC–LP was caused by the action of defendants herein. Further, the Orleans House Apartment is property listed in CLIC–LP's Schedule A–2 attached to its bankruptcy petition. Accordingly, this Court finds a basis for removal. The Court takes note of *In Re: National Developers, Inc.,* 803 F.2d 616 (11th Cir.1986) in which the Court of Appeals for the Eleventh Circuit held the proper procedure when removing a state court action across federal district court lines is to remove the action first to the district court for the district in which the removed action is pending and then, pursuant to the venue provisions of 28 U.S.C. § 1412, transfer the action across district lines to the court of proper venue. 28 U.S.C. § 1412 provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

As the facts of *National Developers* are similar to the instant case, this Court is satisfied the proper method for plaintiff's instant action to reach the Middle District of Louisiana is through removal to this Court and subsequent venue transfer to the Middle District of Louisiana. Further, it is clear the "interest of justice" is best served by allowing the Bankruptcy Court for the Middle District the opportunity to review all lawsuits with a nexus to CLIC–LP's bankruptcy.

■ Although this Court is of the opinion that the matters contained in the state court petition are "core" to the bankruptcy proceeding pending in the Middle District

of Louisiana and would so rule,[2] the Court is also cognizant of 28 U.S.C. § 157(b)(3) which provides in pertinent part:

> The bankruptcy judge shall determine, on the judge's own motion or on a timely motion of a party, whether a proceeding is a core proceeding under this subsection or is proceeding that is otherwise related to a case under Title 11.

■ Accordingly, the Court finds the question of whether the instant action is a core proceeding must be decided by the Bankruptcy Court for the Middle District of Louisiana. Although plaintiffs have asked this Court to remand this action or in the alternative, abstain, to do so would deprive the bankruptcy court of a § 157(b)(3) determination. Consequently, whether this matter should be remanded or abstention should be employed must be determined in the Middle District.

Therefore, this consolidated matter is HEREBY TRANSFERRED to the Bankruptcy Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1412 (previously 28 U.S.C. § 1475).

---

2. 28 U.S.C. § 157(b)(2)(K) states any proceeding which seeks to determine the validity, extent and priority of liens against property of a bankruptcy estate is a core proceeding. CLIC–LP seeks to null and void FNJ's claim against the estate which clearly falls within the description of a core proceeding. Further, the fact that

plaintiff's claims are based on state law does not preclude a determination that the claims are also "core" to the bankruptcy proceeding. *In Re Bokum Resources, Corp.,* 64 B.R. 924 (Bkrtcy.D. N.M.1986); *In Re Atlas Fire Apparatus, Inc.,* 56 B.R. 927, 933 (Bkrtcy.E.D.N.C.1986).