Patricia Ann Lewis WILLIAMS, et al.

v.

HELLER FINANCIAL, INC., et al.

Civ. A. No. 87–5676.

United States District Court,
E.D. Louisiana.

Jan. 26, 1988.

Bronfin, Heller, Steinberg & Berins, Sylvan J. Steinbert, Robert A. Kutcher, Jan Marie Hayden, New Orleans, La., for Patricia Ann & Marguerite Lewis Landry.

Stone, Pigmann, Walther, Wittman & Hutchinson, John M. Landis, T.A., Douglas D. Dodd, Leake & Andersson, Robert E. Leake, Jr., New Orleans, La., for Heller Financial Inc.

Breazeale, Sachse & Wilson, Boris F. Navratil, T.A., Stephen F. Chiccarelli, Baton Rouge, La., for Hibernia National Bank.

ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on motion of defendant Heller Financial, Inc. ("Heller") for change of venue, motion of

defendant Hibernia National Bank ("Hibernia") "in support of the petition for removal and motion for change of venue filed by Heller," and cross-motion of plaintiffs to remand or, in the alternative, to abstain. For the following reasons, the Court grants the motions of Heller and Hibernia and denies the motion of plaintiffs.

This is another attempt by Consolidated Lewis Investment Corporation—Limited Partnership ("CLIC–LP") or its principals to avoid the consequences of CLIC–LP's Chapter 11 bankruptcy filing and to attempt to litigate in state court issues that should properly be in the bankruptcy court. Like the earlier attempt this Court faced last June,[1] this action should be transferred to the Bankruptcy Court for the Middle District of Louisiana.

## FACTS

This latest action was filed on November 5, 1987 in the Civil District Court for the Parish of Orleans, over a full year after CLIC–LP filed its Chapter 11 bankruptcy petition in Baton Rouge on August 20, 1986.

In this action, the plaintiffs (former beneficiaries of the trusts that were limited partners to CLIC–LP) are suing individually, among other reasons, to have Heller's mortgages on property now allegedly held by CLIC–LP declared void and unenforceable,[2] for refund of interest payments CLIC–LP made to Heller,[3] and for damages from the alleged wrongful encumbering of properties CLIC–LP acquired from the former trusts.[4] Plaintiffs allege the same facts and allegations of wrongdoings that CLIC–LP did in the action this Court transfered last June. The only noticeable distinctions between the two actions follow: (1) the plaintiffs in the instant action are individuals whose trusts formerly were limited partners of CLIC–LP,[5] rather than CLIC–LP itself; (2) the Succession of A.C. Lewis Jr. has been named as an additional defendant in the instant action; (3) the instant action only concerns some of the properties at issue in CLIC–LP's action; and (4) the plaintiffs in the instant action seek to recover damages of only $10 million instead of the $210 million sought by CLIC–LP in its action.

## DISCUSSION

Plaintiffs make two alternative arguments in the opposition to the transfer: (1) this Court lacks subject matter jurisdiction over the action under 28 U.S.C. § 1334(b) because the action is not even "related to" a case under title 11, specifically, the CLIC–LP Chapter 11 case; or (2) abstention is mandatory for this Court under 28 U.S.C. § 1334(c)(2). Neither argument is persuasive.

### A. *Is there jurisdiction?*

As Judge Reavley noted this month, the Court "need only determine whether this matter is at least related to the bankruptcy." [6] The Fifth Circuit has announced the controlling test for determining whether a proceeding is "related to" a bankruptcy case: "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." [7] A proper analysis of plaintiff's complaint and of the proceedings already before the Bankruptcy Court requires this

---

1. *Consolidated Lewis Investment Corp.—Limited Partnership v. First National Bank of Jefferson,* 74 B.R. 648 (E.D.La.1987) (Schwartz, J.) [hereinafter *CLIC–LP*].

2. *See* Complaint ¶¶ 9, 22.

3. *See id.* ¶ 27.

4. *See id.* ¶ 28.

5. The trusts that were limited partners of CLIC–LP have apparently terminated. In its Chapter 11 disclosure statement, CLIC–LP stated that the former trust beneficiaries have become limited partners of CLIC–LP. *See also* Complaint ¶¶ 23–26. It thus appears that the plaintiffs may be limited partners seeking to assert a cause of action on behalf of, and already asserted in *CLIC–LP* by, the limited partnership.

6. *Matter of Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir.1988) (citing *Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987)).

7. *Wood,* 825 F.2d at 93 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)) (emphasis in *Wood,* not *Pacor* ).

Court to conclude that this action is related to CLIC–LP's bankruptcy case.

■ An action seeking to invalidate mortgages on properties owned by a Chapter 11 debtor-in-possession, for return of interest paid by the debtor-in-possession, and for damages for the wrongful encumbering of those properties is perforce "related to" the Chapter 11 bankruptcy case, whether or not the action also seeks damages separate from any damages the debtor may have. If the plaintiffs succeed, the effect on the bankruptcy estate will be not only "conceivable" but also definite: both the value of Heller's liens and the additional refunded interest may be available to unsecured creditors of CLIC–LP. Common sense dictates the same conclusion: if two separate actions go forward on the same facts of alleged wrongdoings, then the unjust possibility of inconsistant judgments always remains and the benefits of judicial economy are lost. Further, if this action were to go forward in state court and defendants lost, then CLIC–LP's action against the defendants in the bankruptcy court could be affected under the doctrine of non-mutual offensive collateral estoppel.[8]

Because jurisdiction exists, remand is improper; instead, as this Court noted when it transferred CLIC–LP's removed state court action under 28 U.S.C. § 1412, the proper procedure in the interest of justice is for this Court to transfer this action likewise to the Bankruptcy Court handling CLIC–LP's bankruptcy case.[9]

### B. *Is abstention mandatory?*

Defendants argue several reasons why the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) do not apply: (1) abstention does not apply to actions removed, as here, under 28 U.S.C. § 1452(a); (2) this action could have been commenced in federal court not only under § 1334(b) bankruptcy jurisdiction, but also under ancillary jurisdiction to CLIC–LP's action against Heller and Hibernia; (3) this action cannot be timely adjudicated in state court; and (4) this action is a core proceeding under 28 U.S.C. § 157(b)(2)(K), on validity of liens. Finding defendants' last two reasons and another reason raised by no party to be valid, the Court does not decide whether either of the first two reasons is correct.

■ First, as to the core proceeding argument, the Court repeats what it wrote in *CLIC–LP:* it is the bankruptcy court that must first make the § 157(b)(3) determination of whether the action is a core proceeding or not.[10] Accordingly, this Court should not exercise its power to order mandatory abstention when there remains an arguable question of whether or not this action is a core proceeding, for such an exercise of power would deprive the bankruptcy court of making the determination that Congress has found fit to have that court make in the first instance.

Second, one of the items of relief plaintiffs seek is a declaration that the transfer of certain properties from the four trusts to Southdowns Center, Inc. was a simulation that had no substantive effect.[11] Under Louisiana law, both the transferor and the transferee are indispensible parties to an action to declare a transfer a simulation,[12] and "[n]o adjudication of an action can be made unless all indispensible parties are joined therein."[13] But plaintiffs have joined neither CLIC–LP, as successor-in interest to the trusts (transferors),[14] nor Southdowns (transferee), which like CLIC–LP is also a debtor-in-possession in a Chapter 11 bankruptcy case now pend-

---

**8.** *See generally Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

**9.** *See CLIC–LP,* 74 B.R. at 651 (citing *In re National Developers, Inc.,* 803 F.2d 616 (11th Cir. 1986)).

**10.** *CLIC–LP,* 74 B.R. at 651.

**11.** *See* Complaint ¶¶ 8–9.

**12.** *Phillips v. Great Southern Mortgage & Loan Corp.,* 350 So.2d 1279, 1281–82 (La.App. 3d Cir. 1977); *see* La.Code Civ.Proc. art. 641.

**13.** La.Code Civ.Proc. art. 641, para. 2.

**14.** Before the termination of the trusts (the transferors), the four trusts transfered all their right, title, and interest in the properties to CLIP–LP in exchange for partnership interests.

ing in the Middle District of Louisiana and has intervened in CLIC–LP's action this Court transfered to Baton Rouge. Nor could plaintiffs join them without first obtaining relief from the automatic stays of 11 U.S.C. § 362(a),[15] a procedure that is not automatic and, in this Court's opinion upon considering the particular circumstances in CLIC–LP's bankruptcy case, unlikely to be granted. Without these two parties, plaintiffs' action could not be timely adjudicated in state court.[16]

■ Third, the Court notes sua sponte that plaintiffs have not satisfied the timeliness requirement for mandatory abstention: the state court action must have been commenced before the filing of the bankruptcy petition.[17] But the state action was begun well after the petition was filed.

In conclusion, for each of the three reasons given above, this Court may not order mandatory abstention in this matter.[18]

## CONCLUSION

The Clerk of Court is directed to transfer this action forthwith to the Bankruptcy Court for the Middle District of Louisiana.

---

**15.** Plaintiffs argue that the same problems of indispensible parties may be present in a federal forum under the requirements of F.R.Civ.P. 19 and 21 or their corresponding bankruptcy rules, Bankr.R. 7019 and 7021. In this case, however, such problems are not present. As noted, Southdowns has been allowed to intervene in *CLIC–LP;* further, as for CLIC–LP, the automatic stay provisions do not apply to the bankruptcy adversary proceedings brought in the very bankruptcy court that issues the automatic stay, for otherwise bankruptcy would run most strangely indeed.

**16.** The Court does not decide if plaintiff's naked assertion that this action can be "timely adjudicated" in state court is, without more, sufficient to satisfy the mandatory abstention requirements of 28 U.S.C. § 1334(c)(2). *Compare Allied Mechanical & Plumbing Corp. v. Dynamic*

*Hostels Housing Development Fund Co.,* 62 B.R. 873, 878 (Bankr.S.D.N.Y.1986) (the party seeking remand must produce evidence that the state forum can adjudicate the action timely) *with In re Mill–Craft Building Systems, Inc.,* 57 B.R. 531, 535 (Bankr.E.D.Wis.1986) (suggesting the burden is on the party opposing remand).

**17.** *See Allied Mechanical,* 62 B.R. at 877–78; *In re CLIC–LP,* 78 B.R. 469, 473, 476 (Bankr.M.D. La.1987), *adopted by minute entry,* Civ. No. 87–809 (M.D.La. Nov. 6, 1987).

**18.** In a supplemental, post-oral argument memorandum, plaintiffs argue for the first time that this Court should exercise discretionary abstention under 28 U.S.C. § 1334(c)(1), even if it does not exercise mandatory abstention under 28 U.S.C. § 1334(c)(2). Such is for the bankruptcy court, not this Court, to consider.