**KSJ DEVELOPMENT COMPANY OF LOUISIANA**

v.

**Olaf C. LAMBERT, et al.**

**Civ.A. No. 98–1827.**

United States District Court,
E.D. Louisiana.

June 30, 1998.

Gary J. Elkins, Richard Louis Traina, Elkins & Associates, New Orleans, LA, for Plaintiff.

Douglas Scott Draper, Deborah Weisler Fallis, Draper & Culpepper, New Orleans, LA, for Defendants.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is plaintiff KSJ Development Co. of Louisiana's Motion to Abstain and defendants Olaf C. Lambert, Pere Marquette, L.L.C., Olaf Lambert & Associates, Inc., and Lambert Management Corp.'s (the "Lambert Interests") Motion for Dissolution of Temporary Restraining Order and for Damages for Wrongful Issuance. For the reasons that follow, KSJ's Motion to Abstain is GRANTED in part and DENIED in part, and the remaining motions are DENIED.

### I. *Background*

On September 24, 1997, 150 Baronne Street Limited Partnership filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code in bankruptcy court. Plaintiff KSJ and defendant Pere Marquette are both limited partners and members of Baronne Street, L.L.C., the managing general partner of the Debtor. This case is still pending.

In early 1998, as part of negotiations in the bankruptcy proceeding, KSJ began negotiating for KSJ's purchase of the Lambert Interests ownership part in the management agreement it had entered into with 150 Baronne to manage its real property and of the Lambert Interests bankruptcy claim. At some point, KSJ maintains, the parties drafted a revised purchase agreement. On April 27, 1998, 150 Baronne filed its Disclosure Statement, which stated that "KSJ and Olaf Lambert have agreed to provide for the purchase by KSJ ... of Pere Marquette L.L.C.'s financial interests in the [property], including equity invested and loans advanced." None of the Lambert Interests objected to this provision.

On May 15, 1998, counsel for the Lambert Interests sent counsel for 150 Baronne a letter stating that "KSJ has agreed to purchase Pere Marquette L.L.C.'s ownership interest in the debtor entity," and that "if KSJ honors its commitment under the purchase agreement, the Lambert Interests will sell and assign [Pere Marquette's] equity ownership in the debtor, Lambert Management's management contract, and the Lambert claim." KSJ contends that this letter demonstrates the existence of a contract between itself and the Lambert Interests under Louisiana law.

On May 22, 1998, the bankruptcy court approved 150 Baronne's Disclosure Statement; the Lambert Interests were present and did not object. Rather, the Lambert Interests entered, on June 10, 1998, an option agreement with a co-defendant, GWT, L.L.C., to purchase the same interests KSJ contends they had agreed to sell to KSJ.

Seeking to block the GWT option agreement, KSJ filed a Petition and Application for Injunctive Relief and Issuance of a Temporary Restraining Order in the Civil District Court for the Parish of Orleans on June 19, 1998. At 1:22 P.M. that day, Judge Yada Magee granted a temporary restraining order preventing the defendants from executing the option agreement in any respect; the judge also set a preliminary injunction hearing for June 25, 1998.

Three days before the hearing date, GWT removed the state court action to this Court under 28 U.S.C. § 1452 and § 1334, maintaining that the state court action related to 150 Baronne's bankruptcy case. The Lambert Interests joined in GWT's removal petition the next day, June 23, 1998. KSJ now urges the Court to abstain from deciding the removed case and, instead, remand it to state court; it also seeks extension of the state court temporary restraining order. The Lambert Interests, in contrast, seek dissolution of the temporary restraining order and damages for its wrongful issuance.

### II.

#### A. *Abstention*[1]

KSJ urges that mandatory abstention under 28 U.S.C. § 1334(c)(2) is required, and that discretionary abstention under 28 U.S.C. § 1334(c)(1) is justified. GWT and the Lam-

---

1. Neither party disputes this Court's jurisdiction under 28 U.S.C. § 1334.

bert Interests maintain separately that neither kind of abstention is appropriate; the Lambert Interests further contend that abstention is inapplicable to cases removed to federal court.

■ The Court finds that "[a]s a doctrine, abstention under § 1334(c), be it mandatory or discretionary, has no application in the context of a removed action." *See In re Branded Prods., Inc.*, 154 B.R. 936, 939 (Bankr.W.D.Tex.1993). This result follows from the notion that "[a]bstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain." *Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir.1997). As explained by another court in a procedurally identical case, "the State Court action was commenced after the bankruptcy and was removed to this Court. There is no pending State Court case. If this Court were to abstain, nothing would happen because there is only one lawsuit. What Movant really seeks is remand by this Court back to State Court." *In re Duval Cty. Ranch Co.*, 167 B.R. 848, 849 (Bankr.S.D.Tex.1994). The applicability of abstention doctrine on only parallel proceedings "eliminates any confusion with 28 U.S.C. § 1452(b), which provides district courts with the authority to remand civil actions properly removed to federal court, in situations where

there is no parallel proceeding." *See Security Farms*, 124 F.3d at 1010. Notwithstanding authority to the contrary,[2] the Court remains convinced that remand "rests on firmer theoretical ground." *See O'Rourke v. Cairns*, 129 B.R. 87, 89 (E.D.La.1991). Accordingly, the Court analyzes KSJ's Motion to Abstain solely through the prism of equitable remand.[3]

### B. *Equitable Remand*

■ 28 U.S.C. § 1452(b) provides that "[t]he court to which [a bankruptcy-related claim] is removed may remand such claim ... on any equitable ground." This Court has "much more discretion when ordering remand in bankruptcy than under the general removal statute." *Tyner v. Wilson*, 1995 WL 542481 at *3 (E.D.La.1995), *citing Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984). The Fifth Circuit has fleshed out equity's contours by use of the following factors: (1) forum non conveniens; (2) bifurcation of the civil action; (3) centralization of the entire action in one court; (4) expertise of the particular court; (5) duplicative or wasteful use of judicial resources; (6) prejudice to involuntarily removed parties; (7) comity issues; and (8) a diminished likelihood of inconsistent results. *See O'Rourke*, 129 B.R. at 90, *citing Browning*, 743 F.2d at 1076 n. 21. Also animating courts' consideration of equitable restraint are the four elements for mandatory abstention:[4] (1) the motion to remand must be made timely; (2)

---

**2.** Although conspicuously absent from the Lambert Interests' opposition brief, a number of cases have held that mandatory and discretionary abstention apply to removed bankruptcy-related proceedings. *See, e.g., In re Midgard Corp.*, 204 B.R. 764, 773–76 (10th Cir. BAP 1997) (finding that "abstention may apply to proceedings removed to a bankruptcy court," and collecting cases); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 584 n. 3 (6th Cir.1990) ("The abstention provisions of 28 U.S.C. § 1334(c)(2) apply even though a case has been removed pursuant to 28 U.S.C. § 1452."); *Williams v. Shell Oil Co.*, 169 B.R. 684, 690–91 (S.D.Cal. 1994) (same).

**3.** This determination requires the Court to deny plaintiff's motion insofar as its request for remand is grounded on abstention principles.

**4.** Although abstention does not apply to removed bankruptcy proceedings, its principles animate analysis of equitable remand. *See Tyn-*

er, 1995 WL 542481 at *3 ("In deciding if remand is appropriate, courts have also been influenced by principles of abstention."); *O'Rourke*, 129 B.R. at 90 ("[B]ankruptcy courts have added factors to the test for equitable remand, with some even looking to whether the appropriateness of abstention can drive the decision favoring remand."). The identity of discretionary abstention and equitable remand analysis renders unnecessary explication of principles underlying section 1334(c)(1). *See Tyner*, 1995 WL 542481 at *3 ("Discretionary abstention is related to equitable restraint and courts have mixed similar tests for both doctrines. Mandatory abstention, however, requires something more."); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D.La.1990) ("[T]he considerations underlying discretionary abstention and remand are the same.")

the claim must be based on state law and is only "related to" the case under title 11; (3) the claim could not have been brought in federal court, absent the court's bankruptcy jurisdiction; and (4) the court finds that timely adjudication of the claim can occur in state court. *See O'Rourke,* 129 B.R. at 90.

 Weighing heavily in favor of remand are principles of comity, the diminished likelihood of inconsistent results, and mandatory abstention. The foremost concern is comity, a "vital consideration" the Supreme Court has defined as "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In the judicial context, comity requires federal respect for state courts' competency to conduct proceedings and enter judgments.[5] The procedural result defendants seek in this case—namely, federal adjudication of KSJ's claim—effectively makes removal to federal court a paternalistic form of interlocutory appeal from an unfavorable state court judgment. Thus, the defendants denigrate comity by failing to recognize, as the Supreme Court has, each

state's interest "in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 n. 12, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), *quoting Juidice v. Vail,* 430 U.S. 327, 336, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

The Court would also note that the chance of inconsistent results would more likely diminish with remand: As in *O'Rourke,* "since only state law is involved, that court seems the more appropriate forum for resolving the case, and ... the result reached will more likely be consistent with other state law decisions." 129 B.R. at 91. The bankruptcy court in this case recognized as much, stating twice on the record at a June 22 hearing that KSJ's case comprised a state issue properly decided in state court.

Tipping the balance even further in favor of remand, the criteria for mandatory abstention are substantially satisfied. First, KSJ timely (indeed, immediately) moved to abstain by filing "as soon as possible after [it] should have learned the grounds for such a motion." *See In re Novak,* 116 B.R. 626, 628 (N.D.Ill.1990).[6] Second, KSJ's claim, however intimately "related to" 150 Baronne's bankruptcy proceedings, implicates solely Louisiana contract law. Additionally, defendants do not suggest an independent basis for federal jurisdiction over KSJ's claim

---

5. Comity is made especially relevant in bankruptcy proceedings by the discretionary abstention provision, under which courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of comity with State courts or respect for State law." *See* 28 U.S.C. § 1334(c)(1); *see also Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met ... by the discretionary exercise of abstention when appropriate in a particular case").

6. The Court rejects the defendants' argument that KSJ's motion is untimely because it commenced its state court proceeding after the filing of 150 Baronne's bankruptcy petition. Several cases have held that timeliness depends on a state court filing preceding that of a bankruptcy filing. *See, e.g., Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 494 (E.D.La.1990); *Williams v. Heller Financial, Inc.,* 82 B.R. 823, 826 (E.D.La.1988); *Allied Mech. & Plumbing Corp. v. Dynamic Hostels Housing Dev. Fund Co.,* 62 B.R. 873, 877–78 (Bankr.S.D.N.Y.1986).

However, the approach supported by statute and sound policy is more flexible. *See, e.g., Channel Bell Associates v. W.R. Grace & Co.,* 1992 WL 232085 at *5 (S.D.N.Y. Aug. 31, 1992) ("Section 1334(c)(2) does not provide any guidance on what constitutes a 'timely' motion for mandatory abstention. Courts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention is 'timely.' "); *In re Marshland Development, Inc.,* 129 B.R. 626, 632 n. 15 (Bankr.N.D.Cal.1991) ("A motion for abstention should be made early in the case, so as to prevent the waste of judicial resources."); *In re Chiodo,* 88 B.R. 780, 785 (W.D.Tex.1988) ("[T]he timeliness of the motion must be determined under the individual facts of each case."). For a convincing, detailed defense of the flexible approach, *see Channel Bell Associates,* 1992 WL 232085 at *5, *6 (explaining that the strict interpretation of timeliness is "unsupported by the text of the statute" and that "a closer examination of those cases [applying the strict view] reveals that they are flawed").

aside from the Court's bankruptcy jurisdiction; neither diversity nor federal question jurisdiction over the claim has been established.[7] Finally, the Court finds that the state court can timely adjudicate KSJ's claim: it promptly entered the temporary restraining order and had set a preliminary injunction hearing for June 25, 1998.[8]

The additional factors of forum non conveniens, bifurcation, centralization of the entire action in one court, judicial resources, and prejudice to involuntarily removed parties at best weigh only slightly in defendants' favor. Expertise remains a neutral factor: neither this Court nor the state court possesses a demonstrably superior faculty over the Louisiana contract law that governs KSJ's lawsuit. In all, these considerations do not overcome those of comity, consistency in adjudication, and mandatory abstention.

Awaiting disposition are plaintiff's motion for extension of the temporary restraining order and defendants' motion for dissolution of that order and for damages for its wrongful issuance. The Court's decision to remand this matter to state court renders the motions moot, because both contemplate federal adjudication of the merits of KSJ's lawsuit. Remand requires the parties to direct any arguments regarding the temporary restraining order to the state which issued it.

Accordingly,

IT IS ORDERED that plaintiff KSJ Development Co. of Louisiana's Motion to Abstain and, Consequently, Remand is GRANTED with respect to the issue of remand and DENIED with respect to abstention. KSJ's Motion for Extension of Temporary Restraining Order and defendants Olaf C. Lambert, Pere Marquette, L.L.C., Olaf Lambert & Associates, Inc., and Lambert Management Corp.'s Motion for Dissolution of Temporary Restraining Order and for Damages for Wrongful Issuance are DENIED. The case is remanded to the Civil District Court for the Parish of Orleans for further proceedings, to be conducted in that court's sound discretion.

---

7. This analysis, it is helpful to add, buttresses the Court's conclusion that KSJ's claim derives exclusively from state law.

8. This Court lacks authority to resolve and, in any case, an evidentiary basis on which to evaluate defendants' assertion that the immediacy of the state court's decision resulted from Judge Magee's unconsidered rubber stamping of the temporary restraining order. This argument is appropriately made in the state court preliminary injunction hearing.