**James F. MCDOWELL**

v.

**PERKINELMER LAS, INC.**

**No. CIV.A.05–131 B–M2.**

United States District Court, M.D. Louisiana.

May 16, 2005.

Keith D. Jones, Baton Rouge, LA, for James F. McDowell.

Thomas Harry Kiggans, William Bowen McRae, Jr., Phelps Dunbar, LLP, Baton Rouge, LA, for Perkinelmer Las, Inc.

## *RULING*

POLOZOLA, Chief Judge.

This matter is before the Court on James F. McDowell's motion to remand.[1] PerkinElmer LAS, Inc. ("PerkinElmer") has filed an opposition to plaintiff's motion.[2] The Court heard oral argument on

---

1. Rec. Doc. No. 3.

2. Rec. Doc. No. 8.

the motion on April 28, 2005. After considering the arguments of counsel and conducting independent research on the issue, the Court feels compelled by Fifth Circuit precedent to deny the motion to remand despite the very persuasive language in the two district court cases relied on by the plaintiff.[3]

## I. Procedural Background

James McDowell filed this suit in the 19th Judicial District Court under the Louisiana Wage Penalty Statute[4] seeking unpaid wages, penalties and attorney fees. The Louisiana Wage Penalty Statute provides for a summary proceeding. The defendant timely removed this suit to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. The parties concede that the parties are diverse and the requisite jurisdictional amount is present as required by 28 U.S.C. § 1332.

In his motion to remand, the plaintiff, while conceding subject matter jurisdiction under 28 U.S.C. § 1332, argues that the Court should remand this case based on the Court's "exceptional discretion" because of the unique summary proceedings permitted under the Louisiana statute which are not allowed under federal law. Plaintiff also contends the Court should abstain from hearing this case for the same reason. In support of its motion, plaintiff cites and relies on *Glen 6 Associates* and *Maldonado*.

Defendant opposes plaintiff's motion to remand. Defendant argues that the Court may not abstain from hearing this case because there is no pending state court case. Defendant also contends that since the Court does have jurisdiction under § 1332, the Court should not remand the case to state court under its exceptional discretion.[5]

## II. Law and Analysis

### A. Diversity Jurisdiction

Plaintiff concedes that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), because the plaintiff and defendant are citizens of different states and the amount in dispute exceeds $75,000. However, plaintiff argues that this Court should abstain from hearing this case or grant a discretionary remand to the state court because he will be deprived of a favorable summary proceeding granted under state law that is not available under federal law.

### B. Abstention

■ The United States Supreme Court has held that abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."[6] Because there is no pending action in state court, the Court cannot abstain from hearing this case. If the Court abstained from hearing this case, the plaintiff would not have a forum

---

**3.** *Glen 6 Associates, Inc. v. Dedaj*, 770 F.Supp. 225 (S.D.N.Y.1991), and *Maldonando v. Puerto Rico Industrial Manufacturing Operation Corporation (PRIMO)*, 352 F.Supp.2d 161 (D.P.R.2004).

**4.** La. R.S. 23:631, *et seq.*

**5.** Further, defendant argues that plaintiff seeks to recover a bonus, not a wage, making the Louisiana Wage Penalty Statute inapplicable to what is essentially a contract claim.

Defendant also takes the position that the Louisiana Wage Penalty Statute is inapplicable because the Act only applies to employees who are discharged or who have resigned. It is not necessary for the Court to resolve these issues at this time in order to rule on the motion to remand.

**6.** *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959).

for this case to be heard since his state court case has been removed to this Court. The Court's opinion is supported by the decision rendered in *KSJ Development Company of Louisiana v. Lambert*[7], wherein the Court stated:

> The Court finds that "[a]s a doctrine, abstention under § 1334(c), be it mandatory or discretionary, **has no application in the context of a removed action**."[8] This result follows from the notion that " [a]bstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain."[9]

■ In this case, there is no parallel state court proceeding. Furthermore, plaintiff has failed to satisfy the elements required to support abstention under the facts of this case. Because abstention "has no application in the context of a removed action," abstention is clearly not appropriate in this case. Thus, the Court must decide whether the discretionary remand doctrine should apply.

### C. Remand under 28 U.S.C. § 1441(c)

■ It is clear that the Court cannot remand this case pursuant to 28 U.S.C. § 1441(c). The Fifth Circuit has explained that under § 1441(c), whenever a " 'separate and independent claim or cause of action' that is based on federal-question jurisdiction is 'joined with one or more otherwise non-removable claims or causes

of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.' "[10] For remand to be proper, "the claim remanded must be ' (1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates.' "[11]

■ Defendant argues that plaintiff cannot satisfy the elements necessary for the Court to remand under § 1441(c) because there is only one claim or cause of action that is the subject of this lawsuit, which is not joined with a federal question. Based on the clear reading of the language from the Fifth Circuit case cited above, the Court finds that it cannot remand this case to the state court under 28, U.S.C. § 1441(c). This case does not involve a federal question, and only involves one claim that cannot be separated.

### D. Discretionary Remand under *Glen 6* and *Maldonado*

The final issue the Court must decide is whether this Court should exercise its discretion and remand the case under the doctrine set forth in *Glen 6 Associates* and *Maldonado*.

An exhaustive independent research of the jurisprudence reveals that in 1980, before the Fifth Circuit split into the Fifth and Eleventh Circuits,[12] the Fifth Circuit

---

**7.** 223 B.R. 677 (E.D.La.1998).

**8.** *Id.*, at 679 (*See In re Branded Prods., Inc.*, 154 B.R. 936, 939 (Bankr.W.D.Tex.1993)) (Emphasis added).

**9.** *Id.*, quoting *Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir.1997). (Emphasis added).

**10.** *Smith v. Amedisys, Inc.* 298 F.3d 434, 439 (5th Cir.2002), quoting 28 U.S.C. § 1441(c).

**11.** *Id.*, quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998).

**12.** Cases decided by the old Fifth Circuit are still binding as precedent in the new Fifth Circuit.

decided a similar issue involving a summary proceeding under Georgia law.

In *Weems v. McCloud*,[13] the plaintiff and the Federal Deposit Insurance Corporation ("FDIC") sought confirmation of a non-judicial sale of land. Georgia law provided a specific summary procedure for confirmation of non-judicial sales. The defendants challenged the subject matter jurisdiction of the Court to hear the case. While this case did not involve diversity jurisdiction, the Fifth Circuit had to determine whether the state law summary confirmation proceeding was a "suit of civil nature at common law or in equity" such that the federal court had jurisdiction.

The defendants argued that the "Georgia confirmation proceeding is a summary proceeding with such peculiar characteristics that it does not come within the scope of 'suits of a civil nature at common law or equity' as that phrase is used in § 1819" of 12 U.S.C.[14]

The Fifth Circuit, in a case of first impression, set forth a detailed description of the nature of a Georgia confirmation order.[15] The Court also noted that the Georgia Court of Appeals had held that because of the peculiar nature of the Georgia summary confirmation proceedings, "confirmations brought in federal district court did not comply with the requirement that confirmation be brought in the county where the land lies, and that accordingly, confirmations brought in federal district courts would not be honored in subsequent deficiency actions in state court."[16]

The Fifth Circuit, after reviewing the above jurisprudence, held that the federal court had jurisdiction over the state law summary confirmation proceeding. The Fifth Circuit described the Georgia confirmation proceeding as follows:

A confirmation proceeding is summary in nature. The mortgagee initiates a confirmation not by filing a complaint with the clerk of the court, but rather by reporting the sale within 30 days directly to the appropriate judge. *Dukes v. Ralston Purina Company*, 127 Ga.App. 696, 194 S.E.2d 630 (1972). Only a five-day notice of the confirmation hearing need be given the debtor. There is no requirement that a debtor be given notice of the hearing, but any debtor not given timely notice may not be held liable in any subsequent deficiency action. *First National Bank & Trust Company v. Kunes*, 230 Ga. 888, 199 S.E.2d 776 (1973). While the debtor is not required to file an answer to the mortgagee's report, he is permitted to raise objections. *Wall v. Federal Land Bank of Columbia*, 240 Ga. 236, 240 S.E.2d 76 (1977). Typically, debtors in Georgia have responded with answers to the report. In keeping with a confirmation's summary nature, the statutes specify the issues the court may consider. Section 67–1504 indicates that the court must receive evidence concerning the true market value of the property sold, and Section 67–1505 provides that the court is to pass as well on the legality of the notice, advertisement, and regularity of the sale. In applying these statutes, the Georgia courts have stated that the duty of the court is "to test the fairness of the technical procedure of the

---

**13.** 619 F.2d 1081 (5th Cir.1980).

**14.** *Id.* at 1084.

**15.** A number of district courts which had considered the subject matter jurisdiction either held or noted in dictum that the Court had jurisdiction under 28 U.S.C. § 1348.

**16.** 619 F.2d at 1085, *citing Windland Company v. FDIC*, 151 Ga.App. 742, 261 S.E.2d 407 (1979). The Court noted the Georgia Supreme Court has now reversed the Georgia Court of Appeals decision. *See, FDIC v. Windland Company*, 245 Ga. 194, 264 S.E.2d 11 (1980).

actual sale and to insure that the sale has brought at least the true market value of the property." *Jones v. Hamilton Mortgage Corp.*, 140 Ga.App. 490, 231 S.E.2d 491 (1976). Later cases have limited the inquiry concerning fairness of the technical procedure to issues relating to whether the bidding was chilled or whether the bid price was below market value. *Shantha v. West Georgia National Bank,* 145 Ga.App. 712, 244 S.E.2d 643 (1978); *Keever v. General Electric Credit Corporation of Georgia,* 141 Ga.App. 864, 234 S.E.2d 696 (1977).[17]

Although a confirmation is summary in nature, it is necessary that a hearing be held and there must be some evidence in the record to support the judge's findings.

The Fifth Circuit noted that in "determining whether federal courts have jurisdiction over Georgia confirmation proceedings, we are not bound by the characterizations given a proceeding by a state".[18] In its opinion the Fifth Circuit relied on a case decided by the Fourth Circuit in *Markham v. City of Newport News,*[19] which held:

> (I)t is apparent that a court, in determining its own jurisdiction, must look to the constitution and the laws of the sovereignty which created it. The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts .... It necessarily follows that whenever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States.[20]

The Fifth Circuit then analyzed the federal jurisprudence involving state court summary type proceedings. The Court noted:

> It is clear that the fact that a confirmation proceeding has peculiar procedural rules and serves a specialized function does not preclude it from being a "suit at common law or in equity" for federal jurisdictional purposes. *In re Silvies River,* 199 F. 495, 501 (D.C.Or.1912) remarked:
>
> > The phrase 'suits at common law and in equity' embraces not only ordinary actions and suits, but includes all the proceedings carried on in the ordinary law and equity tribunals as distinguished from proceedings in military, admiralty, and ecclesiastical courts. It is a very comprehensive term, and is understood to apply to any proceedings in a court of justice by which an individual pursues a remedy which the law affords.... And the state cannot, by creating special proceedings or special tribunals, deprive the federal court of jurisdiction of such a suit or prevent a removal. *In re The Jarnecke Ditch* (C.C.D.Ind.) 69 Fed. 161.

---

17. *Weems,* 619 F.2d at 1085–86; *see* fn. 9 & 10:[FN9] "A debtor may raise defenses which relate to the true market value or the specified issues of fairness in the technical procedures. The debtor may not raise counterclaims or ask for any alleged excess resulting from the sale. *Peachtree Mortgage Corporation v. First National Bank of Atlanta,* 143 Ga.App. 17, 237 S.E.2d 416 (1977). Nor may the debtor raise the issue of the existence of a default, [FN10] the amount of the debt, or the existence of any side agreement which could have been the basis of an injunction preventing the foreclosure sale. *Hamilton Mortgage Corporation v. Bowles,* 142 Ga.App. 882, 237 S.E.2d 198 (1977); *Jones v. Hamilton Mortgage Corp., supra.*"

18. *Id.* at 1087–88.

19. 292 F.2d 711 (4th Cir.1961).

20. *Weems,* 619 F.2d at 1087, *quoting Markham,* 292 F.2d at 716.

The Supreme Court in holding that an eminent domain proceeding was removable to federal courts, noted that a state could not circumvent the removal statutes by instituting a proceeding different from that typically found in an ordinary trial. *Madisonville Traction Company v. Saint Bernard Mining Company*, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462 (1905). The Court in Madisonville Traction quoted favorably from Mr. Justice Brewer, who in *Colorado Midland Railway Co. v. Jones*, 29 F. 193 (C.C.D.Colo.1886), stated,

"I do not suppose that a State can, by making special provisions for the trial of any particular controversy, prevent the exercise of the right of removal. If there was no statutory limitation, the legislature could provide for the trial of many cases by less than a common-law jury, or in some other special way. But the fact that it had made such different and special provisions would not make the proceeding any the less a trial, or such a suit as, if between citizens of two States, could not be removed to the Federal Courts. If this were possible, then the only thing the legislature of a State would have to do to destroy the right of removal entirely would be to simply change and modify the details of procedure."

*Madisonville Traction*, 196 U.S. at 249, 25 S.Ct. at 255

In Madisonville Traction, the question was whether a condemnation proceeding could be removed to federal courts. There, a private company with the power of eminent domain could, upon filing with the clerk of the county court a description of the land to be condemned, cause commissioners to be appointed to assess damages. The commissioners would file a report with the clerk of the county court, which would issue process against the owners to show cause why the report should not be confirmed. If either party filed exceptions, the matter would be tried by a jury. Judgment was to be rendered in conformity with the verdict. The Supreme Court held that despite the unusual character of this proceeding, it nevertheless was a "suit" within the meaning of the removal statutes. In reaching this decision, the Court emphasized the fact that the proceeding was held before a judicial tribunal and involved property rights.

*In Road District v. St. Louis Southwestern Railway Company*, 257 U.S. 547, 42 S.Ct. 250, 66 L.Ed. 364 (1922), the question was whether a condemnation proceeding was a "suit at common law or in equity." The condemnation procedure would begin with a road district submitting a plan for improvement with the county court. The county court would then appoint assessors who would file an assessment of enhanced values as well as damages to be sustained by the properties affected.

\* \* \* \* \* \*

The order of the court had the force and effect of a judgment against the real property making the assessments liens on the property which could be collected through equitable proceedings. The judgment was deemed final and conclusive and incontestable except by direct attack on appeal. The Supreme Court, finding this proceeding to be within federal removal jurisdiction, emphasized that the proceeding was before a judicial tribunal.[21]

The *Weems* court also had to consider the applicability of the Federal Rules of Civil Procedure to the summary confirmation proceedings. The Fifth Circuit found

**21.** *Id.*, at 1088–89.

that the district court was correct in ruling that the counterclaims asserted under Rule 13 of the Federal Rules of Civil Procedure were "outside the scope of Georgia confirmation proceedings".[22] The defendants had relied on Rule 13 and on *Hanna v. Plumer*[23] which dictated that the "Federal Rules of Civil Procedure are to be applied in all actions brought in federal courts."[24] In so holding, the *Weems* court indicated that "[w]e begin our analysis by noting that the Federal Rules of Civil Procedure are frequently applied less strictly in special statutory proceedings, where strict application of the rules would frustrate the statutory purpose."[25]

After analyzing three cases which limited the applicability of the Federal Rules of Civil Procedure because of the summary nature of the proceedings,[26] the Fifth Circuit noted:[27]

Although Trbovich, Silvergate and United Mine Workers involved the application of the Federal Rules, or rather a limitation on that application, to a cause of action created by federal law, the reasoning of those cases would apply with equal force to special statutory actions created by state law. That reasoning applies in the instant case; the purpose of the Georgia confirmation proceeding would be frustrated by the strict application of Rule 13, permitting a debtor to delay the proceeding with assertions of counterclaims.

The Court further noted in footnote 33 of its opinion that:

In determining the application of the Federal Rules to special statutory proceedings created by state law, an additional factor supports adherence to the statutory proceeding. To the extent that the character of the special state proceeding would be changed by strict application of the Federal Rules, forum shopping would be invited.

Referring to *New Hampshire Fire Ins. Co. v. Scanlon*,[28] the Fifth Circuit noted that the "Supreme Court in dictum has noted that the very purpose of summary trials, as opposed to plenary trials, is to escape some or most of the trial procedure specified in the Federal Rules."[29]

The Fifth Circuit concluded that the Georgia confirmation proceeding was "summary and limited in nature" and was "tailored to provide approval or disapproval of that limited issue, without the encumbrance of other disputes between the parties."[30] Thus, the Court found that:

To permit a debtor to assert counterclaims would convert the proceeding into a plenary trial between the parties, would eliminate its summary nature, and would deny the creditor his right to a quick approval of the sale. It would radically change the character and purpose of the special proceeding. It is for these reasons that we follow the reasoning of the cases cited above which re-

22. *Id.*, at 1093–94.

23. 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

24. *Weems*, 619 F.2d at 1094.

25. *Id.*, at 1094.

26. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); *Usery v. District No. 22, United Mine Workers of America*, 567 F.2d 972 (10th Cir.1978); and *Brennan v. Silvergate District*

*Lodge No. 50, Int. A of M & A.W.*, 503 F.2d 800 (9th Cir.1974).

27. 619 F.2d at 1095.

28. 362 U.S. 404, 406, 80 S.Ct. 843, 845, 4 L.Ed.2d 826 (1960).

29. 619 F.2d at 1095, fn. 34.

30. *Id.*, at 1096.

fused to blindly follow the Federal Rules of Civil Procedure when to do so would frustrate the purpose, or destroy the summary nature, of a special, statutorily created cause of action.[31]

Distinguishing the case from *Hanna v. Plumer*, the Fifth Circuit held:

> The Supreme Court [in *Hanna*] held that the Federal Rule governed the means of service of process. We note that the suit in Hanna was an ordinary tort action which involved a conflict between two purely procedural rules governing the manner of giving notice of the litigation. On the other hand, the instant case involves a determination of whether the Federal Rules can be applied in a limited fashion in order to conform to the necessities of a special proceeding, created by a statute which specifies the issues to be litigated and the procedure to be followed. We have discussed cases which have applied the Rules in limited fashion in order to conform to special statutory proceedings created by federal law, and we now extend the reasoning of those cases to similarly limit the application of the Rules in the context of a state-created special statutory proceeding. The state procedural statute in Hanna was not an inherent part of a special statutory proceeding; it was a general requirement concerning the mode of service of process of all actions by creditors against executors or administrators. Here, Georgia, as part and parcel of the statute creating a unique cause of action, has ordained a procedural limitation barring counterclaims. Thus, we believe that a Hanna issue is not presented in this case.[32]

The *Weems* decision was followed by the Eleventh Circuit in *Booth v. Hume Publishing, Inc.*[33] *Booth* involved an action for confirmation of an arbitration award. The Eleventh Circuit relied on the Fifth Circuit's language in *Weems* that, "the Federal Rules of Civil Procedure may be applied less rigidly in special statutory proceedings where a strict application of the rules would frustrate the statutory purpose." [34]

■ Faced with the above binding precedents, the Court chooses to follow the *Weems* and *Booth* decisions rather than the decisions rendered by the district courts in *Glen 6* and *Maldonado*. This Court finds that the Louisiana Wage Penalty Statute is indeed a summary proceeding. As a result, this Court has expedited the trial of this case and has set the trial to begin on June 20, 2005.[35] To further expedite the trial of this case, the Court has ordered all discovery to be conducted on an expedited basis. All motions will be heard on the day of trial. The Court also orders the following procedures to be followed in this case:

1. The formal pretrial order usually required in civil cases will not be required. Instead, the parties need only file a list of witnesses and exhibits on or before June 15, 2005.

2. The parties will not be required to attend a Rule 16 scheduling conference nor file a proposed scheduling order with the Court.

3. All motions must be filed by May 24, 2005, and responses filed by June 1, 2005. No reply briefs will be allowed.

4. Unless the plaintiff amends his complaint to add alternative claims for recovery, the sole issue to be tried is

---

**31.** *Id.,* at 1096–97.

**32.** 619 F.2d at 1097.

**33.** 902 F.2d 925 (11th Cir.1990).

**34.** *Id.,* at 931, *citing Weems,* 619 F.2d at 1094.

**35.** The Court gave the parties an earlier trial date which had to be continued because of a conflict on the part of one of the parties.

plaintiff's claim under the Louisiana Wage Penalty Statute. If the Court finds this statute does not apply under the facts presented, the suit will be dismissed.

5. No counterclaims will be permitted. Such claims, if any, must be asserted in a separate action.

6. No jury trial will be allowed on the Louisiana Wage Penalty Statute claim.

7. The parties shall not be required to comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure regarding the preparation of expert reports. The parties need to only exchange expert reports five business days prior to the trial.

8. The Court will apply the Federal Rules of Evidence at the hearing unless otherwise ordered during the trial.

9. The parties are encouraged to file proposed findings of fact and conclusions of law prior to the trial but shall not be required to do so.

10. Except as otherwise noted herein, the summary procedures set forth in La.C.C.P. art. 2592 will apply at the trial of this case.

The Court's decision to deny plaintiff's motion to remand is further supported by the fact that at least two claims asserted under the Louisiana Wage Penalty Act have been decided by Louisiana federal courts. In *Garcia v. Madison River Communications, L.L.C.,*[36] the plaintiff filed suit under the Louisiana Wage Penalty Statute in state court and the defendant removed the suit to federal court based on diversity of citizenship. The federal court found that La.C.C.P. art. 2592 provided for summary proceedings on such claims. Al-

though the plaintiff did not file a motion to remand, the federal court did address the fact that summary proceedings were allowed on this claim but still proceeded with the suit based on diversity jurisdiction.

In *Crowley v. Old River Towing Co.,*[37] the plaintiff filed suit in federal court for penalty wages under the federal admiralty law. Plaintiff later amended his complaint to include allegations under the Louisiana Wage Penalty Statute. At conclusion of the trial, the court dismissed plaintiff's federal claim, but retained jurisdiction over the state law claim based on diversity jurisdiction.

Therefore, and for reasons set forth above, IT IS ORDERED that plaintiff's motion to remand be and it is hereby denied.[38]

---

**36.** 2002 WL 1798774 (E.D.La. Aug.5, 2002).

**37.** 664 F.Supp. 1008 (E.D.La.1987).

**38.** The Court will consider a request from any party to certify this issue for an appeal under 28 U.S.C. § 1292(b).